**GLASSCOCK et al. v. SINCLAIR PRAIRIE OIL CO. et al.**

No. 13161.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1950.

W. M. Lewright, Corpus Christi, Tex., for appellants.

C. Brien Dillon, J. C. Hutcheson, III., Houston, Tex., Paul A. McDermott, Fort Worth, Tex., for appellees.

Before HOLMES, BORAH and RUS-SELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves the construction of an oil and gas lease on approximately 8420 acres of land in Texas. It was taken by appellants from a summary judgment that dismissed their complaint and confirmed the validity of said lease in its entirety, declaring it to be still in effect as to all of the property therein described.

The lease is for a primary term of 5½ years and so long thereafter as oil or any of the other specified minerals are produced from said land. It contains the usual provisions for the payment of royalty and delay rental, with proportionate reduction of the latter if the lessor has less than a fee simple title to the leased premises. It is admitted that all royalties and rentals due thereunder have been fully paid. So far as pertinent here, the parties differ only in their interpretation of paragraph 4 of the lease, which in general deals with the subject of the payment of delay rentals, and provides for their annual payment during the primary term, to cover the privilege of deferring the commencement of drilling operations. Thereafter the lease contains the following provision, the correct interpretation of which is the issue now presented for decision: "Operations for the drilling of a well or reworking operations on any well on said land or production from any well thereon shall continue this lease in force only in so far as this lease covers a tract for each such well with respect to which operations for drilling are being conducted, or on which reworking operations are being conducted, or from which production is being obtained, containing not more than 640 acres of land (for each such well) to be designated by Lessee, such respective tracts of not more than 640 acres to be of such shape or configuration as may be designated by Lessee with the well on any part thereof. Each and every such designation shall be made by Lessee by filing for record in the office of the Clerk of the County Court of Colorado County, Texas, a description of such tract of not more than 640 acres. The aforementioned rental payable by Lessee to cover the privilege of deferring commencement of operations for the drilling of a well for periods of twelve (12) months each during the primary term shall be reduced by an amount equal to One Dollar ($1) per acre for each acre of land included within any tract or tracts which Lessee is holding or entitled to hold on the due date of the rental payment in question, by virtue of the designation by Lessee prior to such due date of a tract or tracts as above provided and the conduct of drilling or reworking operations thereon or obtaining production therefrom."

It is not contended by appellants that the lease was terminated in any respect during its primary term; nor is it denied by them that there has been continuous production under the lease since its primary term. Appellants' contention is that the primary term of the lease is subject to its subsequent provisions, which include paragraph 4 above quoted; they argue that the term of 5½ years and "so long thereafter as oil * * * or other mineral is produced" is subject to paragraph 4, which is a further limitation on the estate granted by the lease. The lessees contend, and the court below held, that paragraph 4 concerns only the payment of delay rentals during the primary term; and that, at the expiration of the primary term, the production of oil in paying quantities from a single well was sufficient to hold in effect the entire lease. We find no ambiguity in the lease, and no occasion to resort to arbitrary rules of construction to ascertain the intention of the parties.

The basic question is whether the language above quoted should be held to impose an additional limitation upon the determinable estate granted by the lease. The answer is ascertainable from the lease itself, the granting clause of which is subject to the other provisions therein; but the only other provision relied on by appellants to work a termination of the appellees' interest upon the expiration of the primary term is in paragraph 4 of the lease. This paragraph deals with the payment of the initial bonus and the delay rentals. It first provides for the payment of a fixed sum on or before a certain date upon pain of termination of the lease; it next provides for annual delay rentals of $8423 each; it then contains the above quoted paragraph, which provides for reduction of the rental by one dollar per acre upon each designated 640-acre tract whereon a producing well is located.

These provisions apply only to the primary term; their purpose was to assure to the lessor during that period a continuance of the rental payments with a reduction instead of a cessation thereof in the event of production or drilling under the lease.

If the parties had ended the paragraph after prescribing the bonus and rentals, the effect would have been that no further rentals would have been payable after production was obtained; but the tract was large and the rentals substantial, approximately $8420 per year. Therefore, if the parties had so ended paragraph 4, one producing well completed during the first year would have been the equivalent of payment of $8420 on each of the four succeeding rental dates, or $33,680. To prevent this effect, the parties added the section above quoted, thereby limiting the amount of delay-rental equivalency of one producing well to $640, a possible saving to the lessor of $7,780 per year, or a total of $31,120. The parties were not dealing with the period subsequent to the primary term, when the payment of delay rentals could not keep the lease alive. This construction is in accord with that given similar provisions by the courts of Texas. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Lido Oil Co. v. W. T. Waggoner Estate, Tex.Civ.App., 31 S.W.2d 154; Johnson v. Montgomery, Tex.Civ.App.1930, 31 S.W.2d 160, err. refused.

Under paragraph 11, in the event of cancellation or termination, the lessee shall retain twenty acres around each producing well that it then may be operating. If the lease terminated at the expiration of the primary term, in spite of production in paying quantities, paragraph 11 would appear to be applicable and to entitle the lessee to retain only twenty acres around each producing well, thus conflicting with appellants' claim under paragraph 4 that the lease was terminated except that the lessee was entitled to hold 640 acres around each well. This conflict is avoided by construing the applicable portion of paragraph 4 as a rental reduction clause, and as meaning that a producing well shall be equivalent to the rental payment on 640 acres around it.

We find no reversible error in the record, and the judgment appealed from is affirmed.

Affirmed.

RUSSELL, Circuit Judge, dissents.