## TEXAS CO. v. TAYLOR.

### No. 13050.

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1950.

Rehearings Denied March 9, 1951.

Wm. E. Loose, Houston, Tex., William N. Sands, Fort Worth, Tex., for appellant.

Leslie Humphrey, Wichita Falls, Tex., for appellee.

Before HOLMES, McCORD, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

The pleadings in this case are long and complicated, but, like the district court, we deem one issue determinative of the whole controversy, and shall confine our opinion to that issue, which depends upon the correct construction of paragraph 7-a of an oil and gas lease upon 2000 acres of land in Texas.

It is admitted by the parties that appellant is the present title holder of record of said lease in so far as it covers the land in question, which is in one body. Section 2 of said lease provides that it shall remain in force for a term of five years (called the primary term) and as long thereafter as oil or gas is produced from said land. Section 7-a of said lease is as follows: "Notwithstanding the provisions of paragraph 4 of this lease, it is agreed that the commencement of drilling operations upon any tract covered hereby (whether one of the sections quarter section, or the half section above described), shall not excuse the payment of delay rentals, in the manner provided by said paragraph 4, at the rate of $1.00 per acre upon the other tracts of the leased premises, nor shall the completion of a well producing oil or gas excuse the payment of rental upon any other tracts of the leased premises than the tract upon which said well is drilled. It is understood that no delay rental shall be payable for the first year, or the primary term, of this lease."

From the stipulation of the parties and the findings of fact, it is clear that all delay rentals were liquidated during the primary term by payment or drilling, and that oil or

gas in paying quantities has been continuously produced by appellant since that time.

Consequently, we think the decision of this case is governed by the opinion of this court in Glasscock v. Sinclair Prairie Oil Company, 5 Cir., 185 F.2d 910. We recognize the rule that an action to cancel a lease relieves the lessee from further development until the controversy is ended, but, as this question was not decided by the court below, we pretermit any decision upon it at this time. The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.