## HAYNES et al. v. KERSHAW.

Circuit Court of Appeals, Fifth Circuit.
December 6, 1927.

No. 5151.

1. **Banks and banking** ⟋92—**Bank may acquire from debtor stock of other corporation, where done in good faith to prevent loss.**

Though a banking corporation is without power to engage in the business of buying and selling for profit stock of other corporations, it may in a transaction entered into in good faith with a person indebted to it, for the purpose of preventing or lessening anticipated loss on such indebtedness, acquire ownership of such stock with a view to its subsequent sale.

2. **Banks and banking** ⟋248(1)—**Texas bank may acquire ownership of stock in national bank to save loss on debt, and as stockholder may become subject to assessment.**

Texas banking corporation may acquire stock in a national bank when taken in good

faith to save itself from anticipated loss, and as stockholder may become subject to assessment on insolvency of national bank.

Appeal from the District Court of the United States for the Northern District of Texas; Samuel H. Sibley, Judge.

Suit in equity by L. R. Kershaw, receiver of the Muskogee-Security National Bank, against John E. Haynes, trustee for the American State Bank of Burkburnett, Tex. and others. Decree for complainant, and defendants appeal. Affirmed.

Tarlton Morrow and W. F. Weeks, both of Wichita Falls, Tex., for appellants.

Wayland H. Sanford, of Wichita Falls, Tex., and Ferd P. Snider, of Muskogee, Okl. (E. C. De Montel, of Wichita Falls, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree in favor of the appellee, as receiver of the Muskogee-Security National Bank, enforcing an assessment of $4,500 made by the Comptroller of the Currency on $4,500 of the capital stock of that bank which at the time the assessment was made stood in the name of the appellant John E. Haynes, trustee for the American State Bank of Burkburnett, Tex., a Texas banking corporation, which is herein referred to as the Burkburnett Bank. The decree is complained of on the ground that the stock was not so acquired by the Burkburnett Bank or its trustee that either that bank or its trustee or stockholders could be held liable on such assessment.

The evidence disclosed the following state of facts: In January, 1921, the Burkburnett Bank acquired 90 shares of the stock of the Muskogee National Bank as security for a note for $15,000, signed by C. M. Christensen and payable to the Burkburnett Bank. The proceeds of that note were credited to the account of its maker, against which he issued a check for $15,000 to the Gilliland Oil Company. That stock then really was owned by J. W. Gilliland. In June, 1921, a receiver of the assets of the Gilliland Oil Company was appointed. At that time J. W. Gilliland owned $59,000 of the $65,000 capital stock of the Burkburnett Bank, and he, the Gilliland Oil Company, and other concerns with which he was associated owed the Burkburnett Bank nearly $160,000. The receivership of the Gilliland Oil Company resulted in putting the Burkburnett Bank in a serious financial condition. At the instance of John E. Haynes, who then was the president of the Burkburnett Bank, Mr. Gilliland consented to sell his stock in that bank for the purpose of putting it in a better condition. Thereupon Mr. Haynes undertook to bring about a sale of Mr. Gilliland's stock in the Burkburnett Bank. A feature of a sale in September, 1921, of part of that stock, after Mr. Gilliland had paid the above-mentioned Christensen note, was that that bank was to have, as absolute owner, certain securities owned by Gilliland, including the above-mentioned Muskogee National Bank stock, to protect the Burkburnett Bank against losses on loans made by it while Gilliland was in control of it. The Burkburnett Bank, after it acquired ownership of the Muskogee National Bank stock as above stated, unsuccessfully tried to sell that stock, continued to hold that stock until it went into liquidation in December, 1923, and received dividends on that stock. In April, 1924, the Muskogee National Bank was merged in the Muskogee-Security National Bank, and the certificate for the 90 shares of the Muskogee National Bank stock was exchanged for a certificate for 45 shares of stock of the Muskogee-Security National Bank, which certificate was issued in April, 1924, to the appellant as trustee for the Burkburnett Bank.

The evidence indicated that the transfer by Gilliland to the Burkburnett Bank of the ownership of the 90 shares of the stock of the Muskogee National Bank was made for the double purpose of protecting the Burkburnett Bank from failure in consequence of losses on debts owing to it by Mr. Gilliland, and by corporations, firms, and individuals associated with him in business ventures, and of influencing persons dealt with to buy Mr. Gilliland's stock in the Burkburnett Bank, which stock, under conditions then existing, was not salable unless the financial condition of that bank was strengthened. It plainly appears that the transaction of which that transfer of ownership of stock in a national bank was an incident was brought about by the efforts of the president of the Burkburnett Bank to prevent the failure of that bank as a result of anticipated losses on debts owing to it by its principal stockholder and those associated with him in business, and that that stockholder's willingness to sell his stock and to part with other securities owned by him was influenced by a commendable desire to save the Burkburnett Bank and its creditors from losses resulting

from its loans to himself and others having business relations with him.

[1, 2] Though a banking corporation is without power to engage in the business of buying and selling for profit stocks of other corporations, it may, in a transaction entered into in good faith with a person or persons indebted to it, for the purpose of preventing or lessening anticipated losses on such indebtedness, acquire ownership of such stocks with a view to their subsequent sale or conversion into money, so, as to make good or reduce such losses. First National Bank v. National Exchange Bank, 92 U. S. 122, 23 L. Ed. 679; 3 R. C. L. 434. A Texas banking corporation may acquire stock in a national bank as an incident to a transaction entered into in good faith to save itself from anticipated losses on debts owing to it. W. J. Stevens Co. v. Novice State Bank (Tex. Civ. App.) 294 S. W. 256. It appearing that the Burkburnett Bank so acquired ownership of the above-mentioned Muskogee National Bank stock, we are not of opinion that the validity of that acquisition of ownership was affected by the circumstance that it was an incident of a sale by the Burkburnett Bank's largest stockholder of part of his stock in that bank.

The decree is affirmed.