### GULF PRODUCTION CO. et al. v. PERRY et al.

### No. 4209.

Court of Civil Appeals of Texas. Texarkana.

June 30, 1932.

Rehearing Denied July 7, 1932.

Wynne & Wynne, of Athens, and B. C. Clark, of Houston, for appellants.

Slay & Simon, of Fort Worth, Futch & Weldon, of Henderson, and Mack & Mack, of Fort Worth, for appellees.

LEVY, J.

The surviving wife and children of W. B. Perry, claiming to be the owners in fee simple title of 300 acres of land, brought the suit against I. P. La Rue and the Gulf Production Company in the form of the statutory action of trespass to try title to the land. As an alternative pleading, to remove cloud cast upon the land, the plaintiffs set up the execution and delivery by them to I. P. La Rue of a lease of the land for the production of gas and oil of date November 8, 1929, and the subsequent assignment of the lease by I. P. La Rue to the Gulf Production Company, and sought the cancellation because of the forfeiture and termination of the lease through failure of compliance with its terms to timely pay or tender the stipulated rental to continue in force the lease in the event of deferring the drilling of a well.

The defendants pleaded not guilty, and set up in detail the timely tender made by I. P. La Rue of the stipulated sum at the depository provided for in the lease and which tender was continued and made into court. The Gulf Production Company further pleaded that it was innocent purchaser for value and without notice. By way of cross-action the defendants set up the execution of the lease and the compliance with its terms and sought to have same adjudged to be in force and effect.

The defendants have timely appealed from a judgment in favor of the plaintiffs terminating the oil and gas leases as a cloud upon the title of the land.

W. B. Perry died in Rusk county leaving his widow, Mrs. W. B. Perry, and seven children. He left 64 acres of land as his separate property, and 236 acres as the community property of himself and Mrs. W. B. Perry. The land has remained undivided and not partitioned between the heirs. The two oil and gas leases in suit to I. P. La Rue cover the 300 acres of land. I. P. La Rue subsequently assigned the leases in February, 1931, to the Gulf Production Company. Mrs. W. B. Perry, joined by six of her children, executed the first oil and gas lease in suit of date November 8, 1929, and Miss Curtye Jane Perry, the other child, executed the other lease of date February 11, 1930. The two leases are identical in verbiage, except as to date thereof and the amount of rental payment. Each lease provides, as far as pertinent to state: "If no well be commenced on said land on or before the 8th day of November, 1930, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or to the lessors' credit in the Fort Worth National Bank at Fort Worth, Texas, or its successors, which shall continue as the depository regardless of changes in the ownership in said land, the sum of Two Hundred Seventy-five Dollars and No/100 which shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner, and upon like payments or tenders, the commencement of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited herein, the down payment, covers not only the privilege granted to the date when such rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all of the rights conferred." The amount of rental specified as payable in the lease executed by Miss Curtye Jane Perry was "$25.00" instead of "$275.00."

It was proven that on October 30, 1930, the two checks and the two receipts here set out were by I. P. La Rue duly mailed to, and timely received by, the Fort Worth National Bank, Fort Worth, Texas:

"Athens, Texas, Oct. 30, 1930  No. ——.
"Athens National Bank        88—386
"Pay to Fort Worth Nat'l Bank, Fort Worth, Tx. or order $275.00 Two Hundred seventy-five and No/100 Dollars.
                              "I. P. La Rue, D. B.
"Rental on O & G Lse.  Credit Mrs. W. B.
     Perry & Others.
"Rusk Co.  Texas."

"Athens, Texas, Oct. 30, 1930  No. ——.
"Athens National Bank        88—386
"Pay to Fort Worth Nat'l Bank, Fort Worth, Tx. or order $25.00 Twenty-five and No/100 Dollars.
                              "I. P. La Rue, D. B.

"Rental on O & Gs Lse. Credit Curtye Jane Perry.

"300 A. J. Hemby & Wm. Christian Surveys, Rusk Co. Tx."

"Athens, Texas, Date November 3d, 1930.

"I. P. La Rue has this day deposited $275.-00 in the Fort Worth National, Bank, Fort Worth, Texas, for the credit of the person or persons named below, in amounts stated, in payment of rental from November 8th, 1930, to November 8th, 1931, under oil and gas lease dated November 8th, 1929, embracing lands in the State of Texas, as follows:

"Being 300 acres of land known as the W. B. Perry farm, out of the Joseph Hemby and William Christian Surveys, Rusk County, Texas, recorded in Vol. 144, page 604-6 Deed Records of Rusk County, Texas.

| Lease No. For Credit of | Amount | County | Acres |
|---|---|---|---|
| Mrs. W. B. Perry, Burton Perry, T. N. Perry, Mrs. Lydia Perry, R. K. Whittington, Mrs. Lorena Whittington, W. B. Perry, Jr., Mrs. Ada Perry, E. B. Cone and Mrs. Myrtle Cone. | $275.00 Date: | Rusk | 300 |

"Sign here ...............
"By ......................
"Cashier.

"Please sign and return to I. P. La Rue, Athens, Texas."

"Athens, Texas, Date Oct. 30th, 1930.

"I. P. La Rue has this day deposited $25.-00 in Fort Worth National Bank, Fort Worth, Texas, for the credit of the person or persons named below, in amounts stated, in payment of rental from November 8th, 1930, to November 8th, 1931, under oil and gas lease dated February 11th, 1930, embracing lands in the State of Texas, as follows:

"300 acres of land out of the J. Hemby and William Christian Surveys, Recorded in Vol. 145, page 411-12, Rusk County, Texas.

| Lease No. For Credit of | Amount | County | Acres |
|---|---|---|---|
| Curtye Jane Perry | $25.00 Date: | Rusk | 300 |

"Sign here ...............
"By ...................
"Cashier.

"Please sign and return to I. P. La Rue, Athens, Texas."

The assistant cashier of the Fort Worth National Bank, in answer to the above instruments, wrote the following letter to I. P. La Rue, which he received on November 7, 1930:

"The Fort Worth National Bank

"Fort Worth, Texas, November 6, 1930.

"Mr. I. P. La Rue,

"Athens, Texas.

"Dear Mr. La Rue:

"We are returning herewith your check for $275.00 received in the mail today. We note that you wish us to sign the receipt stating that this amount has been credited to the following accounts:

Mrs. W. B. Perry    R. K. Whittington
Mrs. Lydia Perry    W. B. Perry, Jr.
Mrs. Lorene Whittington    T. N. Perry
Mrs. Myrtle Cone    Mrs. Ada Perry
Burton Perry    E. B. Cone

"Our reason for returning your check is that we do not find the account of any of these parties and even if we had the account of one or two or three of them, we would not know just exactly how to set this credit up on our books, and therefore we suggest that you send your check direct to the parties interested for the amount due each one.

"We also received your check to be credited to the account of Curtye Jane Perry, and we do not have her account, and are returning for the same reason. The City Directory lists this name as being at 3113 Green Avenue, and we wrote letters to the parties at that address and have not heard from them."

The assistant cashier writing the letter testified that the only reason he refused to accept the checks was that "set forth in the letter," and that he "never questioned about cashing his check" but was "perfectly willing to accept them as cash tender." Thereupon I. P. La Rue, acting by his office employee, on November 10, 1930, wrote the two letters following:

"November 10, 1930.

"Mrs. Curtye Jane Perry,

"3113 Green Ave.

"Dear Mrs. Perry:

"Please advise where you would like to have us deposit the rental covering the interest you own in the 300 acres of land out of the Hemby and Christian Surveys, Rusk County, Texas.

"Yours truly,    La Rue Company
"By T. S. Pyle."

"November 10, 1930.

"Mrs. Curtye Jane Perry,

"3113 Green Ave.

"Fort Worth, Texas.

"Dear Mrs. Perry:

"On October 30th, 1930, we sent $25.00 to the Fort Worth National Bank to be placed to your credit as rental payments on the Rusk * * * County lands located in the J. Hemby & Wm. Christian surveys. The bank has returned our check to us saying that you had no account with them and for this reason they would not accept this rental.

"We also sent a check in the sum of $275.-00 for the credit of the following named parties:

"Mrs. W. B. Perry, Burton Perry, T. N. Perry, Mrs. Lydia Perry, R. K. Whittington, Mrs. Ada Perry, Mrs. Lorene Whittington, W. B. Perry, Jr., E. B. Cone, Mrs. Myrtle Cone.

"The $275.00 check was also returned for the same reason as yours.

"We want to make these payments to all parties concerned in the lease and will appreciate it very much if you will give us the address of the above named persons."

Miss Curtye Jane Perry testified that she received the two letters of date November 10, 1930, and referred them to her brother, who was one of the lessors. The brother testified that the two letters were turned over to him by his sister, but that he did not answer them or do anything about the matter. The evidence noted sufficiently shows the tender or attempt at tender. In the record there is other correspondence later following the above correspondence, but it is not necessary to here set same out. The lessors refused to take the rental money, claiming that the time for paying the same was overrun after November 8, 1930. The above evidence as stated is undisputed. The jury made answer of, "No," to the following issue: "Do you find from the preponderance of the evidence in this case that the defendant La Rue tendered the rental payment provided for in the lease contracts in controversy in this case in good faith?"

■ It is believed the question that must control the disposition of this case is that of whether or not in the circumstances there was timely and sufficient compliance with the particular provisions of the lease that the lessee on or before November 8, 1930, "shall pay or tender to the lessor, or to the lessor's credit in the Fort Worth National Bank of Fort Worth, Texas," the specified amount of rental. And it is thought that the timeliness and sufficiency of the tender was conclusively sustained by the evidence noted. The provision of the lease means simply that the specified rental shall by the lessee timely be paid or tendered directly to the lessor, or deposited to the lessor's credit in the Fort Worth National Bank. In either event there would be, as contemplated, compliance with the stipulation. It is an accepted rule that where an obligation is made payable at a certain place and the tender of payment is made by the debtor at the time and place designated for payment, the result is the same as if an actual tender had been made. 26 R. C. L. § 14, p. 635. In this case the lessee's checks were timely sent on October 30, 1930, to the Fort Worth National Bank, the place of payment, and in correct amount and with directions to place the sum called for to the lessor's

credit in the bank. The assistant cashier did not refuse the checks on the ground that they did not constitute lawful money. He affirmatively testified that he was "perfectly willing to accept them as cash tender." The checks were turned back by the bank on other grounds set forth in the letter. The dereliction or failure of the bank to place to the credit of Miss Curtye Jane Perry the $25 called for in the check could in no wise be chargeable to the lessee I. P. La Rue. That amount for deposit to Miss Curtye Jane Perry was in accordance with the exact stipulated sum called for by the lease she made, and was tendered, as she was notified by the lessee, within the specified period. And although the tender of the amount for deposit to the other lessors was in the gross sum of $275, yet it may not be said it was not in accordance with the lease provision. The lease did not provide for a deposit to the credit of each of the lessors severally in different sums, but only in a gross sum of $275 to all of them assembled together. The lessee had not agreed, nor had the lessors required of him to make the distribution or division of the $275 as gross sum payable to all of them. It was a joint debt or rental payable to the several joint lessors. In such situation the tender of the joint amount payable would rightfully be regarded as a sufficient tender. 38 Cyc. § 3, p. 157. In that view the demand made by the lessee of the bank for a receipt, the amounts of the checks being within the terms of the lease provision, will not affect the tender. 26 R. C. L. § 22, p. 641. And the failure of the bank to act in the premises could not be chargeable to the lessee as an act operating to place the lessee in default of a timely tender. The lessors had reasonably prompt notice from the lessee of the situation shown and the bank's action, and they did not answer the letter or do anything about the matter. We have found no case exactly in point with the present case.

■ The evidence does not in the evidence noted present any issue of fact for the jury as to "good faith," and the finding of the jury may not be regarded.

The judgment is reversed, and judgment is here entered denying the appellees a cancellation of the leases in suit, but adjudging them joint recovery of the sum of money tendered into the registry of the trial court by the lessees. The cost of the appeal and of the trial court will be adjudged against appellees.