**L. M. YORK et ux., Appellants,**

v.

**Wm. D. McBEE, Appellee.**

No. 3510.

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1957.

Rehearing Denied Jan. 23, 1958.

Patterson & McDaniel, Houston, for appellant.

Fred G. Gannon, Dallas, for appellee.

McDONALD, Chief Justice.

This is a suit by Wm. D. McBee, as plaintiff, against L. M. York and wife and W. E. Walker, as defendants, to declare an oil and gas lease dated 15 November 1955, between plaintiff McBee as lessee and York, wife, and Walker, as lessors, to be in full force and effect. Defendant Walker in his answer joins in plaintiff's prayer that the lease be declared in full force and effect. Defendants York and wife contended the lease expired under its own terms through failure of plaintiff to pay delay rentals due 15 November 1956 *in accordance with the contract and the agreement of the parties.* Both sides moved for summary judgment. The Trial Court granted plaintiff's motion for summary judgment (and denied defendants' motion), and declared the lease to be in full force and effect.

A statement is necessary. Defendants York and wife own 650 acres of land in Freestone County, which they purchased 26 January 1944 from defendant Walker. The deed from Walker to the Yorks reserved to Walker ¼ *of the usual* ⅛ *royalty,* and then provided: "This reservation is on non-participating basis as to bonus money or delay rentals." Plaintiff McBee, an independent oil operator, was desirous of leasing a block of land in Freestone County (and through F. G. Gannon, his land man and attorney) wrote York about leasing his land. The negotiation was entirely by correspondence. The correspondence discloses that plaintiff McBee was aware of the deed from Walker to York wherein Walker reserved "¼ of the usual ⅛ royalty, on a non-participating basis as to bonus money and delay rentals", but since full title examination had not been made, and out of precaution, McBee had a lease prepared including Walker's name as a lessor and sent this lease to York, together with a check payable to York and wife for $3,250 bonus money for executing the lease. York and wife signed the lease and returned it to McBee by letter stating: "I do not think it is

necessary for Walker to sign the lease; if you wish him to sign, you may get in touch with him yourself." McBee thereafter secured the signature of Walker on the lease, and the Yorks cashed the $3,250 bonus money check.

Pertinent portions of the Oil, Gas and Mineral Lease, executed by the parties herein, is quoted:

"*Oil, Gas and Mineral Lease*

"Agreement, made and entered into this *15th day of November 1955, by and between L. M. York and wife, Lillian York, and W. E. Walker, hereinafter called Lessor (whether one or more),* and Wm. D. McBee, Lessee * * * witnesseth:

"1. *That the Lessor * * * leases to Lessee* (a certain 650 acres in Freestone County).

"2. It is agreed that this lease shall remain in force for a term of 5 years * * *

"3. In consideration of the premises, and as royalties hereunder, the said Lessee covenants and agrees: (To deliver to Lessor ⅛ of oil, etc. produced) * * *. *The royalty provided for Lessor in Paragraph 3 of this lease is owned by W. E. Walker and L. M. York in accordance with deed from W. E. Walker to L. M. York to the above described land dated January 26, 1944, of record in Vol. 171, Page 17, Deed Records of Freestone County, Texas,* wherein there was excepted and reserved to W. E. Walker, * * * for a period of 20 years from the date of said deed and as long thereafter as oil, gas or other minerals be produced from said land * * * ¼ of the usual ⅛ royalty of all oil, gas, or other minerals in, on, or under said land * * * it being understood that W. E. Walker and L. M. York between them own all rights to the royalty provided for in Paragraph 3 of this lease. In addition

to the royalty provided for in Paragraph 3 of this lease which shall be shared by W. E. Walker and L. M. York in accordance with the said deed, there is hereby reserved to L. M. York * * * an overriding royalty of ⅟₃₂ of ⅝ths of all oil and gas produced * * *.

/s/ L. M. York     /s/ Lillian York
L. M. York     Lillian York
/s/ W. E. Walker   /s/ Wm. D. McBee
W. E. Walker     Wm. D. McBee

"4. *Lessee may pay any royalty or make any other payments due Lessor by depositing said monies to the credit of Lessor in the Bank hereinafter named as Depository; and any payment, tender or deposit under this lease may be made jointly to any adverse claimants of the same interest, or to claimants whose interests are indefinite or undetermined in amount * * *.*

"6. *If drilling operations are not commenced on said land on or before one year from the date hereof this lease shall then terminate as to both parties, unless Lessee shall pay or tender to Lessor or to the credit of Lessor in the Second National Bank of Houston, Houston, Texas (which bank and its successors are Lessor's agent) the sum of $650 hereinafter called rental, which shall extend for twelve months the time within which drilling operations may be commenced. * * ** 

"19. This lease shall be valid and binding on all parties named herein as Lessor who may sign same regardless of whether or not this lease is executed by all parties named herein as Lessor or by all owners of the minerals in above described land or by other parties at interest.

"In Witness Whereof, this instrument is executed as of the date first above written.

/s/ L. M. York     /s/ W. E. Walker
L. M. York     W. E. Walker
/s/ Lillian York   /s/ Wm. D. McBee
Lillian York     Wm. D. McBee"

The foregoing lease was thereafter duly recorded in Freestone County. On *15 October 1956,* prior to the time the first annual delay rental became due on 15 November 1956, plaintiff McBee mailed a check for $650 to the depository, Second National Bank of Houston, payable to *L. M. York and wife Lillian York, and W. E. Walker.* On 7 November 1956 York wrote McBee that the draft had been received, that it was error to include Walker's name, and asked that the money be deposited to the Yorks only. McBee replied on 9 November 1956 to York stating that "though he understood that Walker was not entitled to any of the delay rentals, he made the check out to all three in order to properly comply with the terms of the lease." "This was a legal necessity for us to have the rentals properly paid as called for by the lease itself." McBee then suggested that the check be forwarded to Walker for his endorsement and said he would call Walker about the matter. *York* did nothing further until after 15 November 1956, when he declared the lease forfeited for nonpayment to him of the 15 November 1956 delay rental. It should be noted that the depository bank cashed McBee's check for the $650, and still holds the $650 in an account for L. M. York, Lillian York, and W. E. Walker.

The defendants York and wife appeal on eight points, contending that the Trial Court erred in granting summary judgment for plaintiff declaring the lease in full force and effect, because: 1) The lease expired under its own terms and limitations through failure of plaintiff to pay or tender the delay rentals to York and wife, in accordance with the terms of the contract and the agreement of the parties; 2) the undisputed record shows that Walker was not entitled to any portion of the delay rentals and therefore plaintiff did not make proper

payment when he deposited the check which included the name of Walker, and thus York and wife were unable to obtain payment without the signature of Walker.

The sum of defendants York and wife's contentions is that since the lease, quoted supra, recites that the royalty provided for in same is owned by Walker and the Yorks *"in accordance with deed from Walker to York dated 26 January 1944, and of record in Vol. 171, etc.",* that such deed is incorporated into the lease; that since such deed provides Walker reserved ¼ of the usual ⅛ royalty *"on non-participating basis as to bonus money and delay rentals",* that this conclusively establishes that delay rentals are payable only to York and wife, and that when Walker's name was included in the check that the delay rentals were not paid in accordance with the terms of the contract and agreement of the parties, and hence the lease terminated by its own terms. Defendants York and wife further contend that if the lease and deed above referred to, do not conclusively establish that delay rentals should be paid to York and wife only, then the correspondence referred to establishes that it was intended by the parties that delay rentals be paid to York and wife only.

The lease sets forth that: 1) L. M. York, Lillian York, and W. E. Walker are the *lessor;* 2) lessee may make any payment due lessor by depositing said money in Second National Bank of Houston, to credit of lessor, and any payment under the lease may be made jointly to any adverse claimants of the same interest or any claimants whose interests are indefinite or undetermined; 3) if drilling not commenced in one year the lease terminates *unless* lessee pay or tender to *lessor* in the Second National Bank of Houston (which bank is lessor's agent) the sum of $650.

Prior to the expiration of the year lessee (plaintiff) deposited to *lessor* named in the lease, at the bank which was lessor's agent, the $650, to the account of the *lessors.*

York and wife seek to forfeit the lease and contend same terminated because they say that the deed from Walker to them was incorporated into the lease by reference and states that Walker does not participate in delay rentals, hence a check including Walker's name is a failure to pay in accord with the terms of the contract.

■ At the outset, we think that summary judgment was the proper method of disposing of this case. Both parties moved for summary judgment and in such situation the matter in controversy becomes one for the court to decide as a matter of law. Carrothers v. Stanolind Oil & Gas Co., D. C., 134 F.Supp. 191.

■ The lease provides that *York and wife, and Walker* are parties *lessor;* that lessee shall pay the delay rentals to the credit of *lessor,* at the depository bank, which was agent of *lessor.* What could be more explicit than that? Plaintiff paid the $650 to the depository bank for the account of *lessor,* just as required by the lease. The bank is agent for the *lessor.* We think that it is up to parties *lessor* and their agent to divide the rentals. See: Perkins v. Magnolia Pet. Co., Tex.Civ.App., 148 S.W.2d 266, Er. Dis. judg. correct; Hunter v. Gulf Production Co., Tex.Civ.App., 220 S.W. 163; Gulf Production Co. v. Perry, Tex.Civ.App., 51 S.W.2d 1107; Standard Oil Co. of Tex. v. Clark, D.C., 133 F.Supp. 346; Woolley v. Standard Oil Co., 5 Cir., 230 F.2d 97.

Defendants York and wife contend that since the lease recites that Walker and York own the royalty *in accordance with deed* from Walker to York dated 26 January 1944, that the deed is made a part of such lease. Such deed preserves to Walker *"¼ of the usual ⅛ royalty",* and then provides: *"This reservation is on non-participating basis as to bonus money and delay rentals."* Defendants contend that the foregoing renders the parties' intention clear that delay rentals were to be paid to York and wife only. We reject this contention. Defendants then contend that the

foregoing creates an ambiguity as to whom the delay rentals were payable and that the extraneous evidence introduced, to-wit, the correspondence leading up to the execution of the lease, is admissible to show that the parties intended that the delay rentals were to be paid to York and wife only. We reject this contention. This is not a suit to determine who is entitled fractionally to the delay rental payment; it is a suit to declare a lease in full force and effect against a contention that it should be forfeited. The judgment in this case in no way adjudicates the ownership of the rentals—it merely adjudicates that the rental was paid—as provided by the lease. But even assuming that the entire deed was incorporated into the lease, and *assuming* that the language thereof creates an ambiguity, such ambiguity must be construed so as to avoid a termination of the lessee's estate. We reiterate that we do not regard the lease as ambiguous—to the contrary, we think it very positive in its terms as to the manner of paying delay rentals. But should we be mistaken, the general rule that mineral leases are construed more strongly against the lessee and in favor of the lessor does not apply or extend to the construction of special limitations or forfeiture provisions. The applicable rule here is that forfeitures are not favored and will be decreed only under specific and clear provisions therefor. If, therefore, the instant lease be ambiguous, it must be construed as not creating a special limitation terminating the estate granted. The following authorities support this conclusion: Decker v. Kirlicks, 110 Tex. 90, 216 S.W. 385; Knight v. Chicago Corporation, 144 Tex. 98, 188 S.W.2d 564; Ryan v. Kent, Tex. Com.App., 36 S.W.2d 1007; Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Cowden v. Broderick & Calvert, 131 Tex. 434, 114 S.W.2d 1166, 117 A.L.R. 61; Colby v. Sun Oil Co., Tex.Civ. App., 288 S.W.2d 221, W/E Ref. NRE.

█ Further to all that has been said, we note that the bonus of $3,250 paid by lessee to lessors York and wife has never been tendered or offered back; that lessee has paid the delay rental in accordance with the provision of the lease; the check has been cashed by lessor's agent; that lessor Walker has authorized the bank to pay the delay rental to the Yorks; that defendants York and wife have received all they bargained for; that lessors York and wife have been in no way injured; and that equity is overwhelmingly with the plaintiff and requires the lease to be maintained in full force and effect.

It follows that the judgment of the Trial Court is Affirmed.