Charles TRAD, Appellant,

v.

GENERAL CRUDE OIL COMPANY et al.,
Appellees.

No. 14983.

Court of Civil Appeals of Texas,
San Antonio.

May 26, 1971.

Rehearing Denied June 30, 1971.

J. Paul Fly, Corpus Christi, for appellant.

Homer E. Dean, Jr., Alice, J. W. Keerans, Andrews, Kurth, Campbell & Jones, Arthur Moers, Jr., Houston, Lloyd, Lloyd, Ellzey & Lloyd, Alice, for appellees.

BARROW, Chief Justice.

This is an appeal by plaintiff from a judgment sustaining the motion for summary judgment filed by some of the defendants and dismissing the suit as to all defendants. Appellant, who is one of nine surviving children of Antonio and Hanna K. Trad, brought this suit to declare an oil, gas and mineral lease to be terminated or cancelled as to his interest, for judgment quieting his title thereto, as well as for an accounting for the royalties due him. Named as defendants are some twenty-five parties and legal entities whom we have classified somewhat generally as: owners of working and royalty interests in said mineral estate, brothers and sisters of plaintiff, and a lienholder against said property. It should be pointed out, however, that plaintiff's petition does not clearly identify the status of several of the named defendants.

On October 7, 1960, an oil, gas and mineral lease to 77.37 acres in Brooks County was executed by George K. Trad, Individually and as Attorney-in-Fact for Hanna K. Trad and all of his brothers and sisters except plaintiff, Charles Trad, who signed said lease individually.[1] The lease was for a primary term of three years and provides in part that it shall terminate "unless on or before such anniversary date Lessee shall pay or tender to Lessor or to the credit of Lessor in The Citizens National Bank at Greenville, Texas, (which bank and its successors are Lessor's agent and shall continue as the depository for all rentals payable hereunder regardless of changes in ownership of said land or the rentals) the sum of One Hundred Fifty-four and 74/100 Dollars." The uncontradicted evidence shows that the delay rentals were timely paid in the proper amount to The Citizens National Bank at Greenville by Carrl Oil on September 18, 1961, and September 7, 1962. An exploratory well was drilled, which resulted in a gas discovery well that was shut in on December 29, 1962. The lease authorized lessee to pay such royalty to the depository bank. On February 15, 1963, General Crude Oil Company paid shut-in gas royalty to the Greenville bank in the sum provided in said lease, being three times the annual delay rental. Shut-in gas royalty was also paid in this sum to said depository bank on November 4, 1963, for the period from December 29, 1963, to December 29, 1964. On October 30, 1964, said lease was placed in a unit, and gas sales have been made therefrom. A sum in excess of $8,000.00 has accrued to plaintiff, but has not been distributed to him by General Crude Oil Company, allegedly because of this controversy.

Plaintiff concedes that the delay rentals and shut-in gas royalty payments were all

---

1. The lease was executed by: "George K. Trad, Individually and as Attorney in Fact for Hanna K. Trad (a widow), Angela Trad Spencer & husband J. F. Spencer, Rose Trad Whitehead (a widow), Adele Trad Johnson & husband Ben G. Johnson, Genevieve Trad Olsen & husband Frederick M. Olsen, Sara Trad Dicken & husband A. W. Dicken, Edward Trad, and John Trad. Charles Trad."

timely made and received by the depository bank, but urges that the payments were not properly made to his credit in that they were deposited with the bank to the credit of George K. Trad as attorney-in-fact, and George K. Trad was never his attorney-in-fact. The exhibits on file herein show that both delay rental checks were deposited in The Citizens National Bank, Greenville, Texas, in the proper amount for credit of: "George K. Trad, Individually and as Attorney-in-Fact for Hanna K. Trad (a widow), Angela Trad Spencer & husband J. F. Spencer, Rose Trad Whitehead (a widow), Adele Trad Johnson & husband Ben G. Johnson, Genevieve Trad Olsen & husband Frederick M. Olsen, Sara Trad Dicken & husband A. W. Dicken, Edward Trad, John Trad, and Charles Trad." On the other hand, the checks in payment of the shut-in gas royalty, which were timely deposited, show the correct pro-rata amount to be credited to each of the parties and further show the address of Charles Trad as "Falfurrias, Texas."

A motion for summary judgment supported by affidavits and exhibits showing the above facts was filed by General Crude Oil Company, Ashland Oil and Refining Company (now Ashland Oil, Inc.), Carrl Oil, William E. Carl Trustee, Jeff Carr Trustee, and J. V. McCullough wherein it was urged that, as a matter of law, the oil, gas and mineral lease was still in full force and effect as to plaintiff's interest, as well as the other lessors named therein. No reply was filed to this motion by plaintiff; however, by his second amended original petition filed prior to the hearing, plaintiff alleges that he had not personally received any of the proceeds. On the day set for hearing, seven other defendants appeared by their attorneys of record and announced that they desired to join in said motion for summary judgment. The trial court granted said motion on behalf of the defendants who had filed or joined therein and dismissed plaintiff's cause "as to all defendants." The judgment does not show the basis for the dismissal as to numerous defendants who did not join in the motion for summary judgment, including some owners of royalty interests, as well as the brothers and sisters of plaintiff.

Plaintiff complains of this summary judgment dismissing his suit by three assignments of error. Under his first two points, he asserts that the summary judgment evidence does not show that the delay rental payments and shut-in gas royalty payments were timely made or tendered to him. Under his third point, he complains of the order of dismissal in that, in any event, he is entitled to an accounting for the royalty due him if the lease is found to be in full force and effect. He does not specifically complain of the dismissal of the defendants who did not move for a summary judgment.

■ The thrust of his first two points is that, although the payments were timely made in the proper amounts to the depository bank, they were not made to his credit. Insofar as the shut-in gas royalty payments were concerned, the exhibits established that they not only were in the proper amounts, but the depository bank was notified by lessee of the pro-rata part each individual lessor was entitled to receive. Clearly, this was payment under the terms of the lease.

A more difficult question is presented insofar as the delay rental payments are concerned. Although the payments were timely made in the proper amounts to the depository bank, the instructions given in connection therewith indicate that said sum was for credit of "George K. Trad, Individually and as Attorney-in-Fact" for Hanna K. Trad and all his eight brothers and sisters, including Charles Trad. However, there is no showing that George K. Trad was ever the attorney-in-fact for plaintiff. Furthermore, there is no showing that plaintiff received any part of such

payments.[2] The express terms of the lease authorized the payment of delay rentals by lessee to the credit of lessor in The Citizens National Bank at Greenville and further agreed that said bank would be lessor's agent in this connection. No instructions were given lessee as to a division of the payment.

A somewhat similar question was presented in Perkins v. Magnolia Petroleum Company, 148 S.W.2d 266 (Tex.Civ. App.—Galveston 1941, writ dism'd jdgmt cor.). Separate mineral leases were taken from two joint owners of an undivided 500 acres; however, both leases named The First National Bank of Angleton as the depository for the delay rentals. The lessee timely deposited one check in said depository bank payable to both lessors jointly. Although the interest of each lessor was not set forth and one lessor owned a 7/12 interest, it was held that payment of said sum to the lessors jointly was a substantial and sufficient compliance with the lease agreement.

In Gulf Production Co. v. Perry, 51 S. W.2d 1107 (Tex.Civ.App.—Texarkana 1932, writ ref'd), the Court refused to terminate a lease although a single check in the amount of $275.00 had been deposited to the credit of the widow, "Mrs. W. B. Perry & Others." The receipt accompanying this check described the lease and named the six children, although it did not break down the share of each. A separate lease had been taken from a seventh child and a separate check and receipt for $25.00 had been deposited for her. The bank returned both checks with the explanation that it did not know how to divide the lump sum check and did not know the address of the seventh child. It was held that these payments were sufficient compliance with the terms of the lease. The provision in the lease required only that the specified rental should be timely paid or tendered directly to the lessor or deposited to lessor's credit in the bank. Since the lessor had not required lessee to make a distribution or division of the $275.00, it was proper for lessee to make the check for the joint credit of all.

In York v. McBee, 308 S.W.2d 951 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.), it was held that where the depository bank is the agent of lessor, it is up to the lessor and the agent to determine how the delay rentals are to be divided. Timely payment of the required rental to the depository bank by lessee was held sufficient, although the check was shown to the joint credit of a nonparticipating royalty owner and to the plaintiff lessor, who actually was entitled to the entire payment.

Here the lease provides that the rental payments could be made to The Citizens National Bank at Greenville by lessee. The bank was made the agent of lessors under the terms of the lease. No instructions were given lessee as to how the payment was to be divided or credited to the various lessors. The timely payments of the rentals to the depository bank were substantial and sufficient compliance with the terms of the lease. See also, Skelly Oil Company v. Kidd, 417 S.W.2d 186 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.); Carroll v. Roger Lacy, Inc., 402 S.W. 2d 307 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.); Craddock v. Humble Oil & Ref. Co., 234 S.W.2d 137 (Tex.Civ.App.— Fort Worth 1950, writ ref'd n. r. e.).

■ Although the court properly found that the lease was in full force and effect, it nevertheless erred in dismissing plaintiff's suit. An order of dismissal was not the proper relief. The defendants who urged the motion for summary judgment had no plea for affirmative relief and accordingly, at best, were entitled to a take-nothing judgment. However, the record shows that plaintiff is entitled to an ac-

---

2. The Citizens National Bank at Greenville is not a party to this action and although seven of plaintiff's brothers and sisters are parties hereto, he does not seek an accounting from them as to the delay rentals or shut-in gas royalty payments.

counting for such royalties as may be due and owing to him under the terms of the lease. In fact, the affidavit filed by appellees shows that a substantial sum is now due and owing to plaintiff. Appellees urge that there is no pleading by plaintiff for such relief. Paragraph VII of Plaintiff's Second Amended Original Petition seeks an accounting and restitution to plaintiff for the value of his gas taken by defendants. Certainly, this allegation lacks much in clarity insofar as pointing out the basis of plaintiff's claim. However, it was not excepted to by appellees and is sufficient to withstand a summary judgment dismissing his entire cause of action. We, therefore, sustain plaintiff's third point.

The order of dismissal entered herein is reversed, and the cause remanded.

CARDENA, Justice (dissenting).

I disagree with the majority opinion insofar as it holds that the delay rentals were timely made to Charles Trad under the terms of the lease.

The lease requires that the delay rentals shall be paid or tendered to lessor "or to the credit of Lessor in The Citizens National Bank at Greenville, Texas, (which bank and its successors are Lessor's agent * * *) the sum of One Hundred Fifty-four and 74/100 Dollars ($154.74) * * *."

Our courts, as reflected in the cases cited in the majority opinion, have admittedly gone to great lengths in order to accord lessees, under the terms of instruments prepared by them, wide latitude in the making of payments called for in the lease instrument. These decisions seemingly are the result of judicial fascination with the word "lessor" to represent all lessors, and the designation of a bank as "lessor's agent."

Here, the lease clearly requires payment to the bank "to the credit of Lessor." For some reason, the lessee, despite the care taken to identify the bank as lessor's agent, saw fit to give instructions to lessor's agent. Instead of making payment to the credit of lessor, lessee made payment to the credit of a person as agent of lessor, Charles Trad. The person named as agent of Charles Trad was not, and never had been, the agent of Charles Trad. As far as Charles Trad is concerned, payment was made to the credit of a stranger. Since lessee paid to the credit of George K. Trad as attorney-in-fact for Charles Trad, and since George Trad was not the attorney-in-fact of Charles Trad, lessee made no payment to the credit of Charles Trad. I know of no case holding that payment to the credit of X as agent of A has been held to be payment to the credit of A where X is not A's agent.

Since lessee took it upon itself to give incorrect instructions to lessor's "agent," the bank, lessee should not be allowed to escape responsibility because the bank followed the incorrect instructions.