**Charles TRAD, Petitioner,**

v.

**GENERAL CRUDE OIL COMPANY et al.,
Respondents.**

No. B–2899.

Supreme Court of Texas.

Dec. 1, 1971.

J. Paul Fly, Corpus Christi, for petitioner.

Homer Dean, Jr., Alice, Andrews, Kurth, Campbell & Jones, J. W. Keerans, Arthur Moers, Jr., Houston, Lloyd, Lloyd, Ellzey & Lloyd, Alice, for respondents.

ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is a suit to remove the cloud of an oil, gas and other mineral lease from plaintiff's title. Plaintiff contends that the lease terminated as to his interest in the land because neither delay rentals nor shut-in gas royalties were paid to him in accordance with its terms. Several defendants filed a motion for summary judgment, which was sustained by the trial court on the ground that the lease is still in full force and effect. Instead of rendering judgment on the merits that plaintiff take nothing, however, the trial court ordered the cause dismissed as to all defendants.

Plaintiff appealed to the Court of Civil Appeals, where a majority of the Justices concluded that plaintiff's share of the shut-in gas royalties had been timely paid to him and that there had been a substantial and sufficient compliance with the terms of the lease relating to delay rentals. They further concluded that the trial court's judgment of dismissal was improper because: (1) the defendants who urged the motion for summary judgment were entitled, at best, to a judgment that plaintiff take nothing; and (2) plaintiff is entitled to an accounting for such royalties on production as may be due and owing to him under the lease. The judgment of the trial court was accordingly reversed and the cause was remanded to the district court for a new trial. Tex.Civ.App., 468 S.W.2d 612. One Justice expressed the opinion that the delay rentals had not been timely paid to plaintiff in accordance with the terms of the lease.

Plaintiff has filed an application for writ of error in which he attacks the majority holdings of the Court of Civil Appeals concerning payment of delay rentals and shut-in gas royalties. He prays that the cause be remanded to the trial court for trial on its merits. That is all the re-

lief plaintiff could expect to obtain on appeal, since he did not file a motion for summary judgment. As we construe the opinion and judgment of the Court of Civil Appeals, a general remand was ordered by that court. Having thus received all of the relief to which he is entitled, plaintiff is not in position to invoke our jurisdiction. The application for writ of error is accordingly dismissed for want of jurisdiction. City of San Antonio v. Munoz, 159 Tex. 436, 321 S.W.2d 573. We are not to be understood as either approving or disapproving the holding of the Court of Civil Appeals that there was substantial and sufficient compliance with the terms of the lease relating to delay rentals. That question will now be decided after all the relevant facts have been developed.