WICHITA COUNTY, Texas, et al., Appellants,

v.

Warren GRIFFIN et al., Appellees.

No. 15651.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 4, 1955.

Rehearing Denied Dec. 2, 1955.

Guy McNeely, and W. L. Bass, Wichita Falls, for appellants.

Jones, Parish & Fillmore, and Elmer H. Parish, Wichita Falls, for appellees.

BOYD, Justice.

Appellees Warren Griffin, Lola Woodward, and Winifred E. McGar are the official Court Reporters for the three District Courts of Wichita County. They recovered judgment for a writ of mandamus to compel appellants, Wichita County and the four County Commissioners, to pay the salaries of appellees as fixed and set by the respective District Judges. The following statement of the case is from appellants' brief:

"* * * the annual budget for Wichita County for the year ending December 31, 1955, was approved and adopted by the Commissioners' Court of that county on September 16, 1954, and * * * such budget has not since been amended. Salaries of the official Court Reporters of the 30th, 78th and 89th Judicial District Courts were set by the Commissioners' Court in such budget at $4800.00 per annum each.

"Subsequently on November 1, 1954, the Judge of the 89th Judicial District Court of Wichita County, Texas, acting under Art. 2326 of Vernon's Civil Statutes, by order fixed the salary of his official Court Reporter at $5700.00 per annum effective as of that date. On December 21, 1954, the Judges of the 30th and 78th Judicial District Courts of Wichita County, Texas, respectively entered like orders and in the same amounts and effective as of the date of those orders.

"The Commissioners' Court continued to pay the Court Reporters' salaries on the basis set up in the annual budget, but refused to pay the increases as ordered by the Judges of the three District Courts; whereupon appellees, plaintiffs in the trial court, filed an application for mandamus against appellant, Wichita County, to compel its Commissioners' Court to pay the three increases of salary from $4,800.00 to $5,700.00 per annum each as granted by orders of the District Judges under Art. 2326. Appellant contends that by virtue of the Uniform Budget Law it could not amend its

1954–55 budget granting such raise; nor could it be compelled to do so by mandamus."

Appellants assign as error the action of the court in overruling their exceptions to appellees' petition because it sought to compel the Commissioners' Court to make expenditures in excess of the budget as theretofore adopted, and because the petition sought to compel the Commissioners' Court to amend the budget. Error is also assigned to the failure of the court to hold: (1) that Article 2326 of the Revised Statutes is in violation of Section 7, Article XI, of the State Constitution, Vernon's Ann.St., because it permits a debt to be created against the County without provision for levying a tax for its payment; (2) that paragraph three of Article 2326 is unconstitutional because it delegates to the District Judges the right to determine salaries of Court Reporters, when that right is reserved to the Legislature; (3) that Article 2326, and particularly paragraph three thereof, is subservient to the Uniform Budget Act; and (4) that mandamus should be denied because appellees have an adequate remedy at law.

■ We are unable to agree with appellants' contention that this is a suit to compel the Commissioners' Court to amend the budget, or that the increases in the Reporters' salaries cannot be lawfully paid without an amendment to the budget. The budget for 1954 included an amount for Court Reporters' salaries as theretofore set by the District Judges; and the jury fund, the fund out of which the Reporters are paid, carried a contingent item of $2,500. Had the Reporters been paid the salaries for that year as set by the District Judges, the increase over the budgeted amount would have been less than $250. In the 1955 budget the jury fund, out of which the Reporters are to be paid, carries a contingent fund of $4,000. The County Auditor and two of the County Commissioners testified that the increase in the Reporters' salaries for this year could be paid out of that contingent fund. It was shown that

for several years salary increases over the budgeted amounts had been paid out of similar contingent funds. In 1954 the County operated the fund out of which the Reporters were paid at a figure some $15,000 less than that shown in the budget and had an overall balance at the end of the year of $112,183.90. The County budget for 1955 forecasts a balance at the end of this year of $65,159.60.

Section 7, Article XI, of the State Constitution is in part as follows: " * * * no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent (2%) as a sinking fund; * * *."

■ It seems to be established by the authorities that the constitutional prohibition against creating debts without making provision at the same time for levying taxes for their payment does not apply to debts payable out of current revenues or out of funds immediately under the control of the municipality. McNeal v. City of Waco, 89 Tex. 83, 33 S.W. 322; Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d 980; Stevenson v. Blake, 131 Tex. 103, 113 S.W. 2d 525; Southland Ice Co. v. City of Temple, 5 Cir., 100 F.2d 825; Cottle County v. McClintock & Robertson, Tex. Civ.App., 150 S.W.2d 134; Texas & N. O. R. Co. v. Galveston County, 141 Tex. 34, 169 S.W.2d 713; Sumerlin v. Fowler, Tex. Civ.App., 229 S.W.2d 75; City of Corpus Christi v. Woessner, 58 Tex. 462. We do not think that the orders of the District Judges fixing the salaries of the Court Reporters of their Districts amounted to the creation of a debt in the purview of the constitutional provision.

■ The third paragraph of Article 2326, the section applicable to the District Courts of Wichita County, provides that the official Reporters shall receive a salary of not less than $2,750 per annum and not more than $6,600 per annum; that the

salary shall be fixed and determined by the District Judge and shall be paid monthly out of the General Fund, Officers Salary Fund, Jury Fund, or out of any fund available for the purpose as may be determined by the Commissioners' Court. We do not think that the act which empowers District Judges, within certain limits, to fix the salaries of Court Reporters is an unconstitutional delegation of power. By provisions of Article 2326, the Legislature sets the salary of Court Reporters in some counties; it authorizes the Commissioners' Courts to fix those salaries in other counties; in still other counties, it authorizes the District Judges to fix the salaries. Section 44 of Article III of the State Constitution commands the Legislature to "provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, * * *." This section has been held not to prevent the Legislature from empowering other agencies to determine salaries. Burkhart v. Brazos River Harbor Nav. Dist. of Brazoria County, Tex.Civ.App., 42 S.W.2d 96.

We do not believe there is any irreconcilable conflict between Article 2326 and the Uniform Budget Law. Moreover, Section 2, Article 2326 note, provides that all laws and parts of laws in conflict therewith are repealed to the extent of such conflict only.

Appellants' last point is that it was error to grant the mandamus because appellees have an adequate remedy at law, the contention being that appellees have claims for definite sums of money and they could have filed suits against the County for such sums. The writ of mandamus has been held to be proper when the duty sought to be compelled is ministerial and nondiscretionary. Tom Green County v. Proffitt, Tex.Civ.App., 195 S.W.2d 845; 28 Tex.Jur., p. 537, sec. 13.

After a careful consideration of all of appellants' points, we think that error is not shown, and the judgment is affirmed.