

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 14, 1965

Honorable Henry Wade
District Attorney
Records Building
Dallas, Texas 75202

Opinion No. C-505

Re: Construction of House Bill
546, Acts of the 59th Legis-
lature, Regular Session, 1965,
Chapter 371, Page 781, com-
piled in Vernon's as Article
2326L-1, Vernon's Civil Stat-
utes.

Dear Mr. Wade:

Your request for an opinion asks the following question:

"If the District and County Judges of Dallas
County, Texas, raise the salaries of their respec-
tive Court Reporters to the maximum amount allowed
by H. B. 546, Ch. 371, Acts of the 59th Legislature,
codified as Article 2326L-1, is it mandatory upon
the Commissioners Court of Dallas County, Texas, to
provide the necessary funds to pay the increased
salaries of the aforementioned Court Reporters?"

Sections 1 and 2 of House Bill 546, Acts of the 59th Legis-
lature, Regular Session, 1965, Chapter 371, page 781, compiled in
Vernon's as Article 2326L-1, Vernon's Civil Statutes, read as fol-
lows:

"Section 1. In all counties in the State of
Texas having a population of 900,000 or more, ac-
cording to the last preceding or any future Federal
Census, the judge of each district court, civil or
criminal, and the judge of each county court at law,
civil or criminal, shall appoint an official short-
hand reporter for such court. The compensation of
such reporters shall be fixed by the judge of the
court in which such reporter serves at not less than
Six Thousand Dollars ($6,000) per annum and not more
than Eleven Thousand Five Hundred Dollars ($11,500)
per annum, in addition to compensation for tran-
scripts, statements of facts and other fees. The
appointment of each such court reporter and the an-
nual salary of such court reporter as fixed by the
judge of the court in which such court reporter

serves shall be evidenced by an order entered in
the Minutes of each such court, which appointment
and the salary so fixed shall continue in effect
from year to year unless and until changed by or-
der of the judge of the court in which such court
reporter serves.

"Sec. 2. A certified copy of the order ap-
pointing such reporter and fixing the salary to
be paid such reporter shall be transmitted to the
commissioners court of such counties, who shall
annually make provision for the payment of any
such salary out of the general fund, the officers'
salary fund, or out of such other fund as may be
available for the purpose. The salaries of such
reporters shall be paid in twelve (12) equal month-
ly installments, and shall be in addition to tran-
script fees, fees for statements of fact and other
fees." (Emphasis added).

In construing similar provisions, it was held in Attorney
General's Opinion V-707 (1948) that if a district judge sets the
salary of a district court reporter in accordance with the pro-
visions of Article 2326, Vernon's Civil Statutes, the commissioners
court was required to pay the salary so set. The conclusion reach-
ed in Attorney General's Opinion V-707 is equally applicable to the
provisions of Article 2326L-1, Vernon's Civil Statutes, involved in
your request. Furthermore, it was held in Attorney General's Opin-
ion V-857 that the commissioners court has the authority to amend
the county budget to the extent to effectuate payment of salaries
provided by an act of the Legislature, stating:

"The grant of an express power by the Legis-
lature gives with it by necessary implication
every other power necessary and proper to exe-
cution of the power expressly granted. Terrell
v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911);
Moon v. Allred, 277 S.W. 787 (Tex.Civ.App. 1925,
writ dism.).

"In view of the clear and unambiguous lan-
guage of Senate Bill 92 it is our opinion that
it was the intention of the Legislature to grant
to the Commissioners' Court of every county the
express power to allow the salary increases pro-
vided therein on the effective date of said Act.
Since the Commissioners' Court of Bexar County has
the express power to raise the salary of its county

officials within the limitations prescribed
therein, it is our opinion that the Commis-
sioners' Court has the implied power to do
those things necessary and proper to effec-
tuate such salary increases: to-wit, amending
its 1949 budget to the extent of providing
for such increases as it may determine to be
necessary in accordance with the provisions
of Senate Bill 92, Acts of the 51st Legisla-
ture."

The court, in Wichita County v. Griffin, 284 S.W.2d 253,
(Tex.Civ.App. 1955, error ref. n.r.e.) held that a statute em-
powering district judges, within certain limits, to fix salaries
of court reporters was not an unconstitutional delegation of
power.

You are therefore advised that the provisions requiring
the commissioners court to pay the salaries of court reporters
fixed by the judges, pursuant to the provisions of Article 2326L-1,
are mandatory, and the commissioners court has the authority to
amend its budget to effectuate the payment of the salaries so fix-
ed.

## SUMMARY

It is mandatory that the commissioners
court pay the salaries provided in House Bill
546, Acts of the 59th Legislature, Regular
Session, 1965, Chapter 371, page 781, compil-
ed in Vernon's as Article 2326L-1, Vernon's
Civil Statutes, when fixed by the judges of
the various courts in accordance with the pro-
visions of Section 1 of Article 2326L-1, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:ms

Hon. Henry Wade, page four (C-505)


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Dean Arrington
Wade Anderson
Bill Allen
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright