

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 22, 1969

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas    77002

Opinion No. M-436

Re: Senate Bill No. 753
relating to the ap-
pointment and com-
pensation of official
shorthand reporters
for counties of at
least 1,200,000 pop-
ulation.

Dear Mr. Resweber:

Your request for an opinion on the construction of Senate Bill 753, Acts of the 61st Legislature, Regular Session, 1969, asks the following questions:

"1.  If a judge of a court, under statutory authority, increases the salary of an official reporter, after the county budget has been established, may the Commissioners Court amend the County's budget to provide for the increase of expenditure of funds?

"2.  If the Commissioners Court may amend the county budget to provide for such an increase of expenditures is it mandatory that the Commissioners Court do so, before the establishment of a new budget for the following year?

"3.  Does S. B. 753 authorize District Judges of Harris County, Texas, to appoint and set compensation for

official shorthand reporters, and does each such Judge have independent discretion to establish the salary in question?

"4. Does S. B. 753 authorize the Judges of County Courts at Law of Harris County, Texas, Civil and Criminal, to appoint and set compensation for official shorthand reporters and does each such Judge have independent discretion to establish the salary in question?

"5. Does S. B. 753 authorize the County Judge of Harris County, Texas, to appoint and set compensation for an official shorthand reporter, and does he have independent discretion to establish the salary in question?

"6. Does S. B. 753 authorize the Judges of the Probate Courts of Harris County, Texas, to appoint and set compensation for official shorthand reporters, and does each such Judge have independent discretion to set the salary in question?

"7. Does S. B. 753 authorize the Judges of the Courts of Domestic Relations of Harris County, Texas, to appoint and set compensation for official shorthand reporters, and does each such Judge have independent discretion to set the salary in question?

"8. Does S. B. 753 authorize the Judges of the Juvenile Courts of Harris County, Texas, to appoint and set compensation for official shorthand reporters, and does each such Judge have independent discretion to set the salary in question?

"9. If the salary of the official reporter of a Juvenile Court or a Court of Domestic Relations must equal a salary paid to a reporter in a District Court, which salary of a District Court Reporter governs if there is a divergence of salaries between the reporters of the District Courts?"

Section 1 of S. B. 753 provides:

"Section 1. In all counties in the State of Texas having a population of 1,200,000 or more, according to the last preceding Federal Census, the judge of each district court, and the judge of each county court at law, civil or criminal, shall appoint an official shorthand reporter for such court. The compensation of such reporters shall be fixed by the judge of the court in which such reporter serves at not less than Eight Thousand Five Hundred Dollars ($8,500.00) per annum and not more than Sixteen Thousand Five Hundred Dollars ($16,5J0.00) per annum, in addition to compensation for transcripts, statement of facts and other fees. The appointment of each such court reporter and his annual salary as fixed by the judge of the court in which such court reporter serves, shall be evidenced by an order entered in the minutes of each such court, which appointment and the salary so fixed shall continue in effect from year to year unless and until changed by order of the judge of the court in which such court reporter serves. (Emphasis added.)

Honorable Joe Resweber, page 4 (M-436)

Section 2 requires the Commissioners Court to make provision for the payment of the compensation of the court reporters as authorized in Section 1.

The court, in Wichita County V. Griffin, 284 S.W.2d 253 (Tex.Civ.App. 1955, error ref. n.r.e.) held that a statute empowering district judges, within certain limits, to fix salaries of court reporters was not an unconstitutional delegation of power.

The grant of an express power by the Legislature gives with it, by necessary implication, every other power necessary and proper to the execution of the power expressly granted. Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911); Moon v. Allred, 277 S.W. 787 (Tex.Civ.App. 1925, error dism.).

In construing similar provisions as that contained in S. B. 753, it was held in Attorney General's Opinion V-707 (1948) that if a district judge set the salary of a court reporter in accordance with the provisions of Article 2326, Vernon's Civil Statutes, the Commissioners Court was required to pay the salary so set. It was held in Attorney General's Opinion V-857 (1949) that the Commissioners Court had the authority to amend the county budget to the extent to effectuate payments of salary provided by an act of the Legislature. Likewise, it was held in Attorney General's Opinion C-505 (1965):

> "You are therefore advised that the provisions requiring the commissioners court to pay the salaries of court reporters fixed by the judges, pursuant to the provisions of Article 2326L-1, are mandatory, and the commissioners court has the authority to amend its budget to effectuate the payment of the salaries so fixed."

In answer to your first two questions, you are advised that it is the mandatory duty of the com-

missioners court to provide for the payment of salaries of court reporters which are fixed by judges pursuant to the provisions of Section 1 of S. B. 753, and that the commissioners court is authorized and required to make such amendments to its budget to effectuate the payment of salaries so fixed.

In answer to the third and fourth questions, Section 1 specifically provides that the salary of the court reporter shall be fixed by the judge of the court in which such reporter serves. Therefore, S. B. 753 authorizes the judges of the district courts, each county court at law, civil or criminal, to appoint and set the compensation for an official shorthand reporter and such power vests independently in each judge of the court. You are therefore advised that each such judge has independent discretion to establish the salary of the court reporter who serves in his court, within the limits prescribed in Section 1 of S. B. 753.

It is to be noted that Section 1 of S. B. 753 refers to the judge of each district court and the judge of each county court at law and does not specifically mention the judge of the probate courts, the judge of the county court, nor the judge of the domestic relations court. Section 5 of S. B. 271, Acts of the 61st Legislature, Regular Session, 1969, provides: "The practice and procedure in the probate court No. 1 of Harris County shall be the same as that provided by law generally with the county courts of this state." We therefore agree with your conclusion that the appointment and compensation of a court reporter in the county court of Harris County would govern the appointment and compensation of court reporters of the probate courts. Section 1a of Article 2327D provides for the appointment of court reporters for the county courts and for the probate courts in Harris County.

It is therefore our opinion that S. B. 753 does not apply to the appointment or compensation of court reporters of the county court and probate courts

of Harris County. Such appointments are governed by the provisions of Section 1a of Article 2327D. By like reason, the appointment and compensation of court reporters for the courts of domestic relations for Harris County are governed by the provisions of Article 2338-11, Vernon's Civil Statutes, rather than S. B. 753. Section 9 of Article 2338-11 provides that the compensation of the court reporters of the domestic relations courts of Harris County shall receive the same compensation provided by law for court reporters of district courts of Harris County. The same reasoning will apply to court reporters for the Juvenile Courts of Harris County. Subdivision B of Section 13 of Article 2338-18 provides that the court reporters of the juvenile courts of Harris County shall be paid an annual salary equal to the annual salary of a court reporter of a district court of Harris County. In view of the foregoing, your remaining questions are answered as follows:

In answer to question number five, you are advised that S.B. 753 does not apply to the appointment of an official shorthand reporter for the county court of Harris County. Such appointment and compensation are provided for in Article 2327D, Vernon's Civil Statutes.

In answer to question number six, you are advised that S.B. 753 does not apply to the appointment of court reporters for probate courts of Harris County. Such appointment is governed by the provisions of Article 2327D, Vernon's Civil Statutes.

In answer to question number seven, you are advised that S.B. 753 does not apply to the appointment and compensation of court reporters of the courts of domestic relations; rather such are governed by the provisions of Article 2338-11, Vernon's Civil Statutes. Since Section 9 of Article 2338-11, Vernon's Civil Statutes, fixes the compensation of court reporters of domestic relations courts of Harris County as the same compensation provided by law for court reporters of district courts of Harris County, such reporters will receive compensation as prescribed by the provisions of S.B. 753.

In answer to question number eight, you are advised that S.B. 753 does not apply to official shorthand reporters for juvenile courts of Harris County; rather they are appointed pursuant to the provisions of Article 2338-18, Vernon's Civil Statutes. Section 13(b) of Article 2338-18 provides that the court reporter shall receive an annual salary "equal to the annual salary of a court reporter of a District Court of Harris County." Your request states that, pursuant to S. B. 753, each of the District Courts of Harris County has fixed the annual compensation of the court reporters at $15,000.00 per annum. Therefore, in answer to your question number eight, you are advised that the court reporter for the juvenile courts will receive the same compensation fixed by the District Judges of Harris County for their court reporters or, under the facts submitted, $15,000.00 per annum.

In answer to question number nine, you are advised that the salary of the official reporter for a juvenile court must equal the salary paid to a reporter in a district court, but the official reporter for court of domestic relations may receive a salary of not less than $8,500.00 and not more than $16,500.00 per annum as provided in S.B. 753.

### S U M M A R Y

S.B. 753, Acts of the 61st Legislature, Regular Session, 1969, prescribes the compensation provided for court reporters of District Courts of Harris County and each County Court at Law of Harris County. Said salary is to be fixed by the judge of each court and the commissioners court is required to make provision for the payment of the compensation of the court reporters fixed by the judges of each court.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Joe Resweber, page 8 (M-436)


Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman

Sarah E. Phillips
Linward Shivers
Louis Neuman
Bill Corbusier

HAWTHORNE PHILLIPS
Executive Assistant