**In re Martin A. JOHNSON, Official Court Reporter.**

**No. B–7120.**

Supreme Court of Texas.

July 19, 1978.

James M. Whitten, Sinton, for petitioner.

Wood, Burney, Nesbitt & Ryan, Bruce D. Viles, Corpus Christi, for respondent.

PER CURIAM.

This cause developed as a contest between the City of Ingleside and Martin Johnson, the court reporter for the 156th District Court. The City protested the reporter's fees for preparing a statement of facts, and after a hearing, the trial judge reduced the amount charged by the reporter and then approved a fee of $1,991.00. The City, not satisfied, complained on appeal that article 2324[1] is unconstitutional. That article pertains to the fixing of reasonable reporter's fee when objection is

1. Tex.Rev.Civ.Stat.Ann. art. 2324 (Supp.1976).

made. The court of civil appeals sustained the City's points that a part of article 2324 is unconstitutional, reversed the judgment approving the above fee, and remanded the cause to the trial court to determine the fees in accord with the statute of 1961, that being the one which article 2324 replaced. That judgment reduces the fees considerably more.

Our problem in this application for writ of error is procedural in nature. The aggrieved party, Martin Johnson, the court reporter, has not preserved any point which attacks the judgment or the opinion of the court of civil appeals. The City, which prevailed in the court of civil appeals, is our petitioner and makes the complaint that the 1961 statute is also unconstitutional. It is our opinion that the City has already received the relief to which it is entitled and is not now an aggrieved party. *Trad v. General Crude Oil Co.,* 474 S.W.2d 183, 184 (Tex.1971); *Shell Petroleum Corp. v. Grays,* 131 Tex. 515, 517–18, 114 S.W.2d 869–70 (1938). The Attorney General has filed an application which argues that article 2324 is a constitutional statute. We regard and treat the brief by the Attorney General as an amicus curiae brief. We accordingly refuse Martin Johnson's application for writ of error with the notation, Refused, No Reversible Error. The City's application is dismissed with the notation, Dismissed for Want of Jurisdiction. Rule 483, Tex.R. Civ.P.

These orders are not to be understood as approving the holding by the court of civil appeals that the third paragraph of article 2324 is unconstitutional. *See State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526 (Tex.1975); *Commissioners Court of Lubbock County v. Martin,* 471 S.W.2d 100 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); *Wichita County v. Griffin,* 284 S.W.2d 253 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n. r. e.).