

# The Attorney General of Texas

March 27, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Dallas County District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-156

Re: Payment of premiums for county clerks' statutorily required errors and omissions policy.

Dear Mr. Wade:

You have requested our opinion on the following questions:

> 1. Since House Bill No. 1774 and Senate Bill No. 824 of the 66th Legislature do not provide that the premiums for the errors and omissions insurance coverage is additional compensation for services of the County and District Clerks, may the Commissioners Court pay out of the general fund of the County the premiums for the errors and omissions insurance required by House Bill No. 1744 and Senate Bill No. 824 Acts of 66th Legislature 1979?
>
> 2. If the Commissioners Court cannot legally pay the premiums for the errors and omissions coverage as provided for in the above referenced legislation, are the requirements of House Bill No. 1774 and Senate Bill No. 824 that the County and District Clerks obtain such errors and omissions insurance null and void and without force and effect?

Section 5 of article 1937, Revised Civil Statutes of Texas was amended by House Bill 1774, Acts 66th Leg., 1979, ch. 397, at 872, to read as follows:

> Sec. 5. The premiums for the bonds and the errors and omissions policies required by this Act to be given, or to be obtained by the county clerk of each county shall be paid by the Commissioners Court of the county out of the general fund of the county.

With respect to the source of premium payments, this current section 5 is substantially similar to section 4 of article 1937, as it was amended by House Bill 125, Acts 1965, 59th Leg., ch. 456, at 941, which states:

> Sec. 4. Each county clerk shall obtain an errors and omissions insurance policy, if the same be available, covering the county clerk and the deputy or deputies of the county clerk against liabilities incurred through errors and omissions in the performance of the official duties of said county clerk and the deputy or deputies of said county clerk; with the amount of the policy being in an amount equal to a maximum amount of fees collected in any year during the previous term of office immediately preceding the term of office for which said insurance policy is to be obtained, but in no event shall the amount of the policy be for less than Ten Thousand Dollars ($10,000). The premiums for said insurance shall be paid out of the funds of the county by the Commissioners Court of said county. (Emphasis added).

In Attorney General Opinion C–506 (1965), this office ruled that the last sentence of section 4 violated the Texas Constitution. This analysis was based on the principle that a county is not responsible for the misfeasance or wrongdoing of its officers or agents. Hence, the use of public money to insure against losses which are not the county's responsibilities would be a grant of public money prohibited by section 51 and section 52 of article III of the Texas Constitution.

Attorney General Opinion C–607 (1966) followed the line of reasoning in C–506 (1965) to the conclusion that the same sections of the Texas Constitution also prohibited the county's payment of a short term cancellation premium for a policy of errors and omissions insurance procured by the County Clerk of Taylor County pursuant to section 4 of article 1937.

Section 4 of article 1937 was amended by House Bill No. 1134, Acts 1969, 61st Leg., ch. 561, at 1711. The provisions concerning the payment of policy premiums were placed in a new section 5 of article 1937, which stated:

> Sec. 5. The premiums for the bonds and the errors and omissions policies required by this Act to be given, or to be obtained, by the county clerk of each county shall be paid by the Commissioners Court of the county out of the general fund of the county as additional compensation for the services of the county clerk and which additional compensation shall be cumulative of and to all other compensation presently or hereafter authorized for said county clerk.

Id. at 1712. (Emphasis added).

In Attorney General Opinion M–441 (1969), this office considered the addition of the emphasized language reciting that the premium for errors and omissions insurance shall be considered as additional compensation to the county clerk, and held that:

> such use of public funds falls squarely within the prohibitions of Sections 51 and 52 of Article III of the Constitution of Texas. This

> recitation does not alter the fact that public moneys are being used to accomplish an unauthorized purpose; that is, to discharge a liability which is not the responsibility of the county.

Id. at 3.

In Attorney General Opinion H–1042 (1977) this office reconsidered the validity of the 1969 amendment to section 5 of article 1937, and found it constitutionally acceptable, saying:

> The payment of the premium here is legislatively directed and is authorized specifically as additional compensation for the county clerk. We know of no constitutional restriction on such legislative action. Tex. Const. art. 3, § 44; art. 5, § 20; art. 16, § 61. See Byrd v. City of Dallas, 6 S.W.2d 738 (Tex. Comm'n App. 1928, opinion adopted); Attorney General Opinion WW–1101 (1961); see also Wichita County v. Robinson, 276 S.W.2d 509 (Tex. 1954). In our opinion, Dallas County may legally pay, and is required to pay, the premium for the errors and omissions policy which article 1937, V.T.C.S., requires the Dallas county clerk to obtain. Attorney General Opinion M–441 (1969) is overruled.

Id. at 4. This view finds further support in Attorney General Opinion WW–731 (1959) regarding the use of county funds to provide hospitalization insurance for county officials and employees. The opinion stated that "as long as this insurance is part of the compensation of the employees and there is statutory authority for such expenditures the county may pay all or part of the premiums", Id. at 3. See also Attorney General Opinion M–989 (1971).

The present section 5 of article 1937, quoted above at page 1, fails to state that the premiums to be paid by the commissioners court out of the general fund of the county are to be additional compensation to the county clerk; thus, it violates sections 51 and 52 of article III of the Constitution of Texas under the reasoning of Attorney General Opinions C–506 (1965) and C–607 (1966).

Having ruled that sections 51 and 52 of article III of the Texas Constitution prohibit Dallas County Commissioners Court from paying the premium on errors and omissions insurance for the Dallas County Clerk as required by the current section 5 of article 1937, it is necessary for us to determine the effect of the invalid section 5 on the remainder of the current version of article 1937 and on the prior version of section 5.

It is a rule of Texas law that if part of any act is invalid, it does not destroy the entire act unless the invalid part is so intermingled with all parts of the act as to make it inseparable. Sharber v. Florence, 115 S.W.2d 604 (1938); Empire Gas & Fuel Co. v. State, 47 S.W.2d 265 (1932); Vernon v. State, 406 S.W.2d 236 (Tex. Civ. App. — Corpus Christi 1966, writ ref'd n.r.e.); Freeman v. Swan, 143 S.W. 724 (Tex. Civ. App. — El Paso 1912, writ ref'd); In re Johnson, 554 S.W.2d 775 (Tex. Civ. App. — Corpus Christi 1977), aff'd, 569 S.W.2d 882 (Tex. 1978).

In addition, if the constitutional and unconstitutional portions of an act may be separated, this must be done, so as not to permit the invalid part to destroy the whole. San Antonio Ind. Sch. Dist. v. State, 173 S.W. 525 (Tex. Civ. App. — San Antonio 1915, writ ref'd); City of Taylor v. Taylor Bedding Mfg. Co., 215 S.W.2d 215 (Tex. Civ. App. — Austin 1948, writ ref'd); In re Johnson, supra.

The invalid portion of article 1937 is only that one paragraph regarding the source of the payment of policy premiums, therefore it can and should be separated from the remainder of article 1937. The requirement of section 4 of article 1937 that a county clerk obtain an errors and omissions insurance policy remains valid.

The invalidity of the present section 5 of article 1939 not only fails to nullify the rest of the statute; it leaves unaffected the constitutionally valid provisions of its predecessor, the 1969 amendment to section 5 quoted at 3 above. This rule of statutory construction was first stated by the Texas Supreme Court in Culberson v. Ashford, 18 S.W.2d 585 (1929) and it was recently followed in In re Johnson, supra. In Johnson, the court found that paragraph 3 of the 1975 amendments to article 2324, V.T.C.S., violated the Texas Constitution, and citing Culberson, the court held that "this means that paragraph 3 of the 1961 amendment to Article 2324 (the prior law) remains in effect." Johnson, supra, at 787.

In this case, the prior law is the 1969 amendment to section 5 of article 1937, which we have held constitutionally permissible in Opinion H-1042 (1977). Under the rule of Culberson, this provision remains effective authority for Dallas County to continue to pay the premium for the required policy of errors and omissions insurance as additional compensation for the services of the county clerk.

## SUMMARY

Section 5 of article 1937, Revised Civil Statutes of Texas, as amended by House Bill 1774, Acts 66th Leg., 1979, ch. 397, at 872, violates the Texas Constitution, article III, sections 51 and 52 insofar as it authorizes the commissioners court to expend public money for premiums to insure the public against errors and omissions of the county clerk and his deputies. Attorney General Opinions C 506 (1965) and C-607 (1966). The prior version of section 5, article 1937 remains valid authority for Dallas County Commissioners Court to pay the premiums on the required errors and omissions insurance as additional compensation to the county clerk.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Ed Garvey
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Walter Davis
Bob Gammage
Susan Garrison
Ed Garvey
Rick Gilpin