Joe POGUE, County Judge, et al., Appellants,

v.

Darlene DUNCAN, Appellee.

No. 12-87-00173-CV.

Court of Appeals of Texas, Tyler.

June 29, 1988.

Rehearing Denied July 21, 1988.

James P. Allison, Austin, for appellants.

W.T. Allison, II, Sulphur Springs, for appellee.

COLLEY, Justice.

This is a summary judgment case involving the construction of Tex.Gov't Code Ann. § 52.051 (Vernon Supp.1988). Relator/appellee, Darlene Duncan,[1] filed a petition for writ of mandamus in the trial court seeking to compel respondents/appellants, Joe Pogue, County Judge of Hopkins County, Elton Stewart, Delbert Tully, H.W. Holcomb, and Wayne Mobley, County Commissioners of Hopkins County, who compose the Commissioner's Court of Hopkins County, to fund a ten percent increase in her salary fixed by an order signed on July 29, 1986, by the Honorable Jim N. Thomp-

1. The official court reporter of the 62nd Judicial District Court of Hopkins County.

255

son, the elected judge of the 62nd Judicial District Court of Hopkins County. On July 27, 1987, the Honorable Guy Jones, sitting by appointment, granted Duncan's motion for summary judgment, and ordered the issuance of the writ of mandamus against the commissioner's court as prayed for, and in addition awarded Duncan attorney's fees.

The appellants present nine points of error, contending that (1) Judge Thompson's order was not mandatory in character, (2) appellants were under no legal duty to obey Judge Thompson's order, (3) section 52.051 was unconstitutionally applied, (4) section 52.051 is facially unconstitutional, (5) section 52.051 was misconstrued by the trial court, (6) Duncan's "claim" was never presented to the county auditor as required by Tex.Rev.Civ.Stat.Ann. art. 1660 (Vernon 1962), (7) Judge Thompson abused his discretion in ordering the raise in pay, (8) the summary judgment was improper because of the existence of material fact issues "regarding the abuse of discretion by Judge Thompson" in raising Duncan's salary, and (9) the court erred in awarding attorney's fees against the appellants. We reverse the summary judgment and remand the cause.

■ We address only appellants' points of error eight and nine. To do so, however, we must construe section 52.051 (former Tex.Rev.Civ.Stat.Ann. art. 3912k [2] § 3(a), (b), (c)). That act in pertinent part reads,

> Sec. 3. (a) In addition to transcript fees, fees for statements of facts, and other expenses necessary to the office authorized by law, the official shorthand reporter of each district or domestic relations court shall be paid a salary set by order of the judge of that court; provided that such salary shall be no lower than the salary on the effective date of this Act. If a judicial district is composed of more than one county, each county shall pay a portion of the salary equal to the proportion that its popula-

tion bears to the total population of the judicial district.

> (b) Any increase in the salary of a shorthand reporter to become effective in 1972 or any subsequent calendar year must be ordered by the judge, and the order submitted to the commissioners court of each county in the district, not later than September 1 immediately preceding the adoption of the county budget for the following year. A commissioners court in its discretion may allow an extension of this time limit.

> (c) An official shorthand reporter may not be paid a salary more than 10 percent in excess of the salary paid to him during the preceding budget year, except with the approval of the commissioners court of each county in the judicial district.

> (d) A person initially appointed to succeed an official shorthand reporter may be paid a salary not to exceed the salary paid to the person he succeeds.

It is significant that section 3(b) specifically provides that "[a]ny increase in the salary of a shorthand reporter to become effective ... *must be ordered by the judge, and the order submitted to the commissioner's court of each county in the district, not later than September 1, immediately preceding the adoption of the county budget for the following year.*" (Emphasis ours.) Thus, in unambiguous language, the legislature has provided that no officer other than the district judge may order an increase in the reporter's salary. The subsection also requires that the proposal must be timely "submitted" to the commissioner's court so that the raise can be provided for by the county in its statutory budgeting process. The statute also clearly provides that if the increase in salary fixed by the judge does not exceed ten percent of the amount of the reporter's salary pay during the preceding year, no approval of the increase fixed by the judge is required of the commissioner's court.

It seems quite obvious to us that the legislature was aware of the necessity of

---

**2.** Act of June 4, 1971, ch. 622, 1971 Tex.Gen. Laws 2019, 2020, 2021, repealed by act of June 12, 1985, ch. 480, § 26, 1985 Tex.Gen.Laws 2048, 2049 (now codified as Tex.Gov't Code Ann. § 52.051(a), (b), (c) and (d) (a nonsubstantive revision of article 3912k).

providing the highest trial courts of this State with competent[3] court reporters so that accurate recordings of trial proceedings could be made. Therefore, the legislature authorized trial judges to order reasonable increases in the salaries of their court reporters, limited to a maximum per annum increase of ten percent of prior salaries without the approval or consent of the commissioner's court. However, as we construe the statute, the legislature did not intend by its enactment of article 3812k to authorize judges to exercise the power in an arbitrary or capricious manner. We conclude that a judge's exercise of the delegated power conferred by article 3912k, section 3(a), (b) and (c), must be reasonable.[4]

 In this summary judgment case, the record contains certified copies of seven orders made by Judge Thompson raising Duncan's salary by ten percent for each of seven consecutive years, beginning in 1980, by which her salary was raised from $18,892.94[5] effective January 1, 1981, to the sum of $33,469.98[6] effective October 1, 1986. These documents, attached as exhibits to appellants' "Original Cross-claim for Declaratory Relief" were incorporated in appellants' brief filed in support of their response to Duncan's motion for summary judgment. These exhibits are sufficient in and of themselves to raise a fact issue of the reasonableness of Judge Thompson's order of July 29, 1986, increasing Duncan's salary by ten percent when considered in light of the six prior consecutive raises. Unlike the rule in conventional trials where the burden of coming forward with evidence to establish the *unreasonableness* of the order rests on the party so claiming, in summary judgment cases the movant has the burden to establish the *reasonableness* of the pay raise as a matter of law. Appellants' eighth point of error is sustained.

Moreover, attorney's fees are not recoverable in a suit against counties under Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986). *Commissioners Court of Houston County v. Rodgers*, 691 S.W.2d 753 (Tex.App.—Tyler 1985, no writ). Appellants' ninth point of error is sustained.

The judgment is reversed, and the cause remanded for trial on the merits.

---

**3.** Since 1977, a trial judge must appoint persons who have been certified as possessing certain skills by the Texas Supreme Court. *See* act of June 15, 1977, ch. 438, 1977 Tex.Gen.Laws 1155–1158.

**4.** This opinion, though approved in conference before the Supreme Court delivered its opinion in *Mays v. The Fifth Court of Appeals*, 755 S.W.2d 78 (1988), is in agreement with the majority (concurring) opinion in *Mays*.

**5.** Of which Hopkins County's pro rata share was $58,040.77.

**6.** Of which Hopkins County's pro rata share was $10,347.28.