Joe POGUE, et al., Appellants,

v.

Darlene DUNCAN, Appellee.

No. 12–87–00173–CV.

Court of Appeals of Texas, Tyler.

April 28, 1989.

Rehearing Denied May 25, 1989.

James P. Allison, Allison & Associates, Austin, for appellants.

W.T. Allison, II, Sulphur Springs, for appellee.

## OPINION ON REMAND

COLLEY, Justice.

On June 29, 1988, we delivered our original opinion in this cause, reversing the summary judgment in favor of the appellee, Darlene Duncan, and remanding the case for trial on the merits. *Pogue v. Duncan,* 753 S.W.2d 255 (Tex.App.—Tyler 1988). By a per curiam opinion,[1] the Supreme Court reversed our judgment and remanded the cause to this Court for consideration of the appellants' points of error not previously addressed by us.

The Supreme Court, in reversing our judgment, stated that our "decision conflicts with *Mays v. Fifth Court of Appeals,*" 755 S.W.2d 78 (Tex.1988). Hence, we consult and follow *Mays,* an original mandamus proceeding, in the disposition of appellants' remaining points of error. In the interest of brevity, we refer the reader to our reported 1988 decision for all purposes pertinent to our present disposition of the appeal.

The *Mays* court held that a district judge's order for a pay increase for his official court reporter of ten percent or less of the court reporter's previous annual salary—an order pursuant to Tex.Gov't Code Ann. § 52.051(d)—creates "a nondiscretionary ministerial" duty on behalf of the commissioners court of the county involved to pay the salary increase to the court reporter. *Id.* at 79. The *Mays* court also noted that:

> The Texas Constitution has invested the Legislature with the authority to provide for and compensate the district court reporters. Tex. Const. art. III, § 44. The Legislature has in turn delegated to the District Judges the responsibility for setting the salaries of the district court reporters paid from county funds. Tex. Gov't Code Ann. § 52.051 (Vernon 1988). By virtue of its express constitutional and statutory authority, the District

---

1. *Darlene Duncan v. Joe Pogue, County Judge, et al.,* 759 S.W.2d 435 (1988).

Judges' actions have a presumption of validity and are subject to being abrogated by the Commissioners Court only upon proof that the judiciary's actions are *extravagant, arbitrary,* or *unwarranted. See District Judges of the 188th Judicial District v. County Judge and Commissioners Court for Gregg County,* 657 S.W.2d 908, 910 (Tex.App.— Texarkana 1983, writ ref'd n.r.e.).

*Id.* (emphasis added).

In compliance with the Supreme Court's instructions on remand, we now address appellants' first through seventh points of error.

■ Appellants contend by their first two points of error that the court erred in granting the summary judgment for mandamus because: (1) the language of the order was not "mandatory" in character; and (2) an order issued under Tex.Gov't Code Ann. § 52.051 (Vernon 1988) (hereinafter referred to as section 52.051) did not create a "legal duty [on the part of the Commissioners Court] to perform a nondiscretionary ministerial act." We overrule both points. *Mays,* 755 S.W.2d at 79.

Appellants argue by their fifth point of error that the court erred in granting the summary judgment because section 52.051 is in fatal conflict with the provisions of former Tex.Rev.Civ.Stat.Ann. arts. 689a–11 [2] and 3912k.[3]

Article 689a–11 read, in pertinent part:

The Commissioners' Court in each county shall each year provide for a public hearing on the county budget—which hearing shall take place on some date to be named by the Commissioners' Court subsequent to August 15th and prior to the levy of taxes by said Commissioners' Court. Public notice shall be given that on said date of hearing the budget as prepared by the County Judge will be considered by the Commissioners' Court. Said notice shall name the hour, the date and the place where the hearing shall be conducted. Any taxpayer of such county shall have the right to be present and participate in said hearing. At the conclusion of the hearing, the budget as prepared by the County Judge shall be acted upon by the Commissioners' Court. The Court shall have authority to make such changes in the budget as in their judgment the law warrants and the interest of the taxpayers demand. When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted.

Article 3912k, in pertinent part, read:

Section 1. Salaries, etc., to be set by Commissioners Court. Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances

---

2. Act of May 13, 1981, ch. 130, § 1, 1981 Tex. Gen.Laws 325, repealed by act of May 21, 1987, ch. 149, § 49, 1987 Tex.Gen.Laws 1306 (see Tex. Local Gov't Code Ann. §§ 111.007–111.010) (all references to the 1981 version are to articles 689a–11).

3. Act of June 4, 1971, ch. 622, 1971 Tex.Gen. Laws 2019–2020. NOTE: Article 3912k, section 3, was repealed by Act. of June 12, 1985, ch. 480, § 26, 1985 Tex.Gen.Laws 2049. Section 3 of article 3912k was codified under subchapter A, ch. 52 of Title 2, Tex.Gov't Code, §§ 52.001–52.–0057; the remaining provisions of article 3912k were repealed by act of May 21, 1987, ch. 149, § 49, Tex.Gen.Laws 1306, 1307 (see Local Gov't Code Ann. § 152.011–152.012 (Vernon 1988). All references to article 3912k before its repeal will be to article 3912k.

for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.

. . . .

Sec. 3. (a) In addition to transcript fees, fees for statements of facts, and other expenses necessary to the office authorized by law, the official shorthand reporter of each district or domestic relations court shall be paid a salary set by order of the judge of that court; provided that such salary shall be no lower than the salary on the effective date of this Act. If a judicial district is composed of more than one county, each county shall pay a portion of the salary equal to the proportion that its population bears to the total population of the judicial district.

(b) Any increase in the salary of a shorthand reporter to become effective in 1972 or any subsequent calendar year must be ordered by the judge, and the order submitted to the commissioners court of each county in the district, not later than September 1 immediately preceding the adoption of the county budget for the following year. A commissioners court in its discretion may allow an extension of this time limit.

(c) An official shorthand reporter may not be paid a salary more than 10 percent in excess of the salary paid to him during the preceding budget year, except with the approval of the commissioners court of each county in the judicial district.

The 1985 enactment of Title 2 of the Texas Government Code effected the removal of section 3(a), (b), and (c) from article 3912k, and codified the former section as section 52.051 of the Texas Government Code. The transfer of section 3 from article 3912k to section 52.051 did not result in a substantive revision of source law; nor did the transfer operate to create a conflict between section 52.051 and the remaining provisions found in section 1 of former article 3912k. The plain wording of section 1 of article 3912k, which read: *"Except as otherwise provided by this Act ... the commissioners' court of each county*

shall fix the amount of compensation ... and all other allowances for county ... employees who are paid wholly from county funds....[,]" irrefutably demonstrates that the conflict perceived by the appellants to exist between section 52.051 and article 3912k is, in fact, nonexistent. Indeed, the Legislature's contrary intent is clearly revealed within the legislative history of section 52.051.

Appellants further argue under their fifth point of error that even if the District Judge does possess the authority to "fix" the court reporter's salary, a judicial officer nevertheless does not possess the power to "appropriate" the county funds necessary to support the ten percent pay increase. According to the appellants' argument, under article 689a–11 (now codified as Tex.Local Gov't Code Ann. § 111.007–111.010 (Vernon 1978)), only the commissioners court is vested with the statutory authority to conduct a public hearing on, and adopt, a final budget after "[making] such changes in the budget as in their judgment the law warrants and the interest of the taxpayers demand." Article 689a–11. Appellants contend that the commissioners court holds the statutory duty to levy "taxes ... only in accordance therewith, and [to make] no expenditure of the funds of the county ... except in strict compliance with the budget as adopted by the [commissioners] court." Appellants tender such contention in support of their argument that the conflict between section 52.051 and article 689a–11 may be reconciled by construing section 52.051 *in pari materia* with article 689a–11. Otherwise stated, the appellants concede that the district judge possesses the power to fix salaries, but contend, however, that the commissioners court, under article 689a–11, is vested with the sole authority to change or reduce the court reporter's salary—presumably even to the former amount. We conclude that such contention runs afoul the rule set forth in *Mays*, to wit: A pay increase ordered by a district judge under section 52.051 creates a ministerial duty on the part of the commissioners court to fund the pay increase. Hence, we do not pos-

sess the authority to otherwise construe the statute. Appellants' fifth point of error is overruled.

■ By their sixth point of error, appellants contend that the court erred in granting the summary judgment because neither Judge Thompson's order nor a "claim" based thereon was presented to the Hopkins County Auditor for approval under former Tex.Rev.Civ.Stat.Ann. art. 1660,[4] which reads in part:

> All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve the same before the meeting of the commissioners' court, no claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor.

Even if this Court assumed that such approval was required of the auditor before the commissioners court became authorized to adopt a budget including the reporter's pay increase, appellants' reasoning is nevertheless unsound. Since Judge Thompson's order, which effectively fixed the salary of the court reporter, created a ministerial duty requiring the commissioners court to pay the salary increase, the county auditor was likewise bound by the order. The point is without merit and is therefore overruled. *Mays*, 755 S.W.2d at 79.

By their seventh point of error, appellants assert that the court erred in granting the summary judgment because "Judge Thompson abused *his discretion* in [ordering the] 10% pay increase." (Emphasis ours.) This point of error, and the arguments thereunder, is quite similar to appellants' eighth point of error and its accompanying arguments, with one exception. By their eighth point of error, appellants argue that material issues of fact were raised by the summary judgment evidence which they presented, including "the rea-

sonableness and necessity of a salary increase" for the appellee. Such material issues of fact, argue the appellants, preclude the granting of the summary judgment. This Court's decision to sustain the appellants' eighth point of error [5] formed the basis for reversal by the Supreme Court. *Duncan v. Pogue*, 759 S.W.2d at 435.

The Supreme Court in *Mays* [6] concluded that, given the "express constitutional and statutory authority, the District Judges' actions [ordering a 5% increase in their court reporters' salaries] have a presumption of validity and *are subject to being abrogated by the Commissioners Court only upon proof that the [judges'] actions are extravagant, arbitrary, or unwarranted. See District Judges of the 188th Judicial District v. County Judge and Commissioners Court for Gregg County*, 657 S.W. 2d 908, 910 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.)." *Mays*, 755 S.W.2d at 79 (emphasis added). By the following language, the Supreme Court invoked that rule in reversing our judgment: "The court of appeals did not recognize any presumption of validity but instead concluded that *Duncan* had the burden of establishing that the pay increase was reasonable. This decision conflicts with our own opinion in *Mays*." *Duncan v. Pogue*, 759 S.W.2d at 435.

■ As we read *Duncan v. Pogue*, a commissioners court does have an affirmative defense to a district judge's order which provides for a ten percent or less pay increase for his court reporter pursuant to section 52.051. That *one-element* defense (reasonableness of the order), however, must be established by the commissioners court, even as a nonmovant in a summary judgment case—as a matter of law.[7]

The Supreme Court in *Brownlee* determined that in a situation in which a party

---

4. Acts of 1905, p. 381, repealed, Act. of May 21, 1987, ch. 149, § 49(1), 1987 Tex.Gen.Laws 1306, 1307. Now codified as Tex.Local Gov't Code Ann. § 113.064 (Vernon 1988).

5. *See Pogue v. Duncan*, 753 S.W.2d at 257.

6. *Mays* is not a summary judgment case.

7. Despite the provisions of Tex.R.Civ.P. 166a(c) and its interpretation in such cases as *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984), and *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–679 (Tex.1979).

"opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence *sufficient to raise an issue of fact on each element of the defense to avoid summary judgment." Brownlee*, 665 S.W.2d at 112 (citations omitted) (emphasis ours). That holding properly serves the purpose of the summary judgment rule as stated by Judge Greenhill for the court in *Parrott v. Garcia*, 436 S.W.2d 897, 899 (Tex.1969):

> A summary judgment is proper if the pleadings [summary judgment evidence] and admissions on file show that there is no genuine issue as to any material fact Rule 166–A [sic], Texas Rules of Civil Procedure.... All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true.

*Id.* at 899.

■ Since appellants' seventh point of error, however, presents essentially the same fact and law questions presented by their eighth point of error, it is our conclusion that we are foreclosed by the Supreme Court's decision in *Duncan v. Pogue* [8] from determining the merits of appellants' seventh point of error. This is a most unfortunate circumstance, in part due to the inept and inaccurate language which we utilized in our ruling which sustained appellants' eighth point of error, viz.: "[I]n summary judgment cases the movant has the burden to establish the *reasonableness* of the pay raise as a matter of law." *Pogue v. Duncan*, 753 S.W.2d at 257 (emphasis in original). The law is clear: When a party opposing a summary judgment motion relies on an affirmative defense to avoid the summary judgment, he must produce sufficient summary judgment evidence to *raise issues of fact* comprising all essential elements of the defense. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d

at 678. We confess our error. The fact that our legal reasoning was flawed, however, does not affect the validity of the point presented to us or the result we reached upon consideration thereof. We respectfully submit that we ruled properly, although our ruling was based upon an incorrect legal reason.[9]

Nevertheless, we are duty bound to follow the rulings and instructions of the High Court. Therefore, we overrule appellants' seventh point of error.

■ Finally, and of necessity, we now address appellants' third and fourth points of error. By these points, appellants argue that section 52.051, read literally,[10] is violative of Tex. Const. art. II, § 1; Tex. Const. art. V, § 18; and Tex. Const. art. VIII, §§ 6, 9. We initially observe that a party who alleges that a legislative act is unconstitutional bears the burden of establishing such a claim. *Robinson v. Hill*, 507 S.W. 2d 521, 524 (Tex.1974). The law presumes that a statute under attack is constitutional. *Id.; cf.* Tex.Gov't Code Ann. § 311.021 (Vernon 1988).

Tex. Const. art. V, § 1, provides in part: "The judicial power of this State shall be vested in one Supreme Court, ... in Commissioner Courts, ... and in such other courts as may be provided by law."

> Tex. Const. art. V, § 18(b), reads in part: The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed.

■ It is undisputable that the commissioners court is a part of the Judicial Department (branch) of our state government, even though the greater part of its

---

**8.** The judgment in *Duncan v. Pogue* remanded the cause only "for [the appellate court] to consider the Commissioners Court's points of error which were not previously addressed."

**9.** A reading of our opinion, however, reflects that we concluded that the certified copies of Judge Thompson's seven orders, which were

introduced by appellants, were "sufficient ... to *raise a fact issue of the reasonableness* [of the 1986 order]...." *Pogue v. Duncan*, 753 S.W.2d at 257 (emphasis added).

**10.** As it is read under *Mays*.

delegated powers are legislative or executive in character. The Supreme Court has expressly declared that art. V, § 18(b), "does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them.'" *Canales v. Laughlin,* 147 Tex. 169, 214 S.W.2d 451, 453 (1948) (citation omitted). Hence, it is entirely correct to state that the very powers delegated to the commissioners court *by the Legislature* may likewise be withdrawn by the Legislature in the absence of a controlling constitutional provision to the contrary. We conclude that neither art. V, § 18, nor art. VIII, § 6,[11] contain provisions which limit the Legislature's power to modify or withdraw the judicial, legislative, or executive powers which the Legislature has conferred upon the commissioners court. Certainly art. VIII, § 6, on its face, is inapplicable to *county funds,* and only constitutes a limit on the withdrawal of monies from the state treasury.[12]

■ Appellants also assert that section 52.051 must fall because it fatally conflicts with the provisions of art. VIII, § 9. That provision limits the county's ad valorem tax rate to "[e]ighty Cents ($.80) on the One Hundred Dollar ($100) valuation in any one (1) year for general fund, permanent improvement fund, road and bridge fund and jury fund purposes...." Appellants argue that the authority delegated to district judges by section 52.051 therefore impermissibly diminishes or "circumscribes" the constitutional authority vested in the commissioners court by art. VIII, § 9.

It would be irrational to deny that the commissioner courts' constitutional role—to provide sufficient tax revenue to support the county budget—is potentially affected to a certain degree by the district judges'

authority to order ten percent or less pay increases for court reporters without approval of the commissioners court. In fact, section 52.051 provides a priority for pay increases to court reporters within such percentages. In *Harris County v. Dowlearn,* 489 S.W.2d 140, 145 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), however, the court rejected a similar challenge of the Texas Tort Claims Act. In that case, the court stated that a "mere possibility" that "future claims [under the Act] may necessitate the county's exceeding its constitutionally permissible tax rate" is an insufficient basis for declaring the Texas Tort Claims Act unconstitutional. *Id.* at 145; *cf. Brown v. Jefferson County,* 406 S.W.2d 185, 189–190 (Tex.1966). Moreover, the Legislature under Tex. Const. art. III, § 44, is required to provide "for the compensation of all officers, servants, ... not provided for in this Constitution...." In *Commissioners Court of Lubbock County v. Martin,* 471 S.W.2d 100, 105–106 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.) (approved in *In re Johnson,* 569 S.W.2d 882, 883 (Tex.1978)), the court upheld the Legislature's authority with respect to art. III, § 44—the authority to delegate to the judiciary "the fixing of the exact sum of compensation" for public employees (probation employees and officers). And in *Wichita County v. Griffin,* 284 S.W.2d 253, 256 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n.r.e.) (approved in *In re Johnson,* 569 S.W.2d 882, 883 (Tex.1978)), the court rejected a claim of unconstitutionality[13] leveled against former Tex.Rev.Civ. Stat.Ann. art. 2326. That statute authorized district judges in Wichita County to fix and determine their court reporters' salaries within certain maximum and minimum limits. In its decision, the *Wichita County* Court also relied on Tex. Const. art. III, § 44, stating, "This section has

11. Art. VIII, § 6, reads:
 Sec. 6. No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the

government until the assemblage of the sixteenth Legislature.

12. As authorized by specific appropriations made by the Legislature. *Cf. Bullock v. Calvert,* 480 S.W.2d 367, 370–371 (Tex.1972).

13. Under Tex. Const. art. XI, § 7.

been held [to allow] the Legislature [to empower] other agencies to determine salaries." *Id.* at 256 (citation omitted). With respect to appellants' contention that section 52.051 is violative of art. VIII, § 9, we conclude that *Martin* and *Griffin* are controlling, and accordingly reject appellants' claim.

 We now consider appellants' argument which asserts that the delegation in question violates the separation of powers doctrine found in Tex. Const. art. II, § 1.[14] Ironically, appellants claim that this constitutional provision is breached by the partial removal from a *judicial body,* and the transfer to a *judicial officer,* of the power to fix a salary.

The court in *In re Johnson,* 554 S.W.2d 775, 782–783 (Tex.Civ.App.—Corpus Christi 1977), *writ ref'd n.r.e. per curiam,* 569 S.W.2d 882 (Tex.1978), struck down former Tex.Rev.Civ.Stat. art. 2324[15] as violative of Tex. Const. art. II, § 1. For reasons based solely upon procedure, the Supreme Court refused Johnson's application for writ of error n.r.e. The Court carefully noted, however, that the orders refusing the application "are not to be understood as approving the holding by [the Corpus Christi Court of Appeals] that the third paragraph of article 2324 is unconstitutional." 569 S.W.2d at 883 (citations omitted). The clear implication of the opinion in *In re Johnson,* 569 S.W.2d at 882–883, is that the declaration made in *Wichita County v. Griffin,* 284 S.W.2d at 256, viz., "We do not think that the [statute][16] which empowers District Judges, within certain limits, to fix the salaries of Court Reporters is an uncon-

stitutional delegation of power."[17] Section 52.051 limits the district judges' authority to increase the court reporter's salary without the approval of the commissioners court to an amount not exceeding ten percent of the reporter's prior annual salary. By analogy, the statute provides a limitation on the district judges' delegated powers sufficient to preserve the act from condemnation as violative of art. II, § 1. We therefore overrule appellants' third and fourth points of error.

The summary judgment is affirmed.

---

14. Art. II, § 1, reads:
 The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

15. Act of May 27, 1975, ch. 319, § 1, 1975 Tex. Gen.Laws 826, which read in part that when any party makes a written request of a court report-

er to furnish "a transcript of the evidence ... the reporter shall make up such transcript and shall require as compensation therefor a reasonable amount, subject to the approval of the judge of the court if objection is made [to the fees] ... provided, however, that the Supreme Court of Texas under its rulemaking authority shall provide for the duties and fees of court reporters in all civil judicial proceedings, except as provided by law." (See now Tex.Gov't Code Ann. § 52.046 (Vernon 1988.)

16. Former article 2326.

17. In contravention of Tex. Const. art. XI, § 7.